## No. 9200.

### WISE ET AL. *v.* TONER.

PROCESS—*Service of where Sheriff Party.* Where the sheriff is a party to the cause all process therein must be served by the Coroner. (Rev. Stat. sec. 1298.)

Service of the summons by the sheriff is void.

Even though the sheriff has no interest in the controversy, the result is the same.

If a proper party, e. g., as trustee holding the legal title to the lands which are in controversy in the action he is disqualified.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Mr. M. M. BULKELEY, Mr. ISAAC PELTON, for plaintiffs in error.

Mr. JOHN F. MAIL, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action in partition as to certain defendants, and an action to quiet title against certain other defendants, including John Toner, the defendant in error, and Chas. A. Bullard, sheriff of Yuma County, Colorado, successor in trust to Collier Hendrie, deceased. Default of the defendants against whom title was sought to be quieted was entered, and thereupon a decree against them was granted. Thereafter the defendant Toner moved to vacate and set aside the judgment on the ground "that no service of summons was ever made upon him" in this action. The motion was sustained. Toner then filed his answer, claiming to be the owner of a certain note and trust deed, and that the same is a valid and subsisting lien upon the land involved in the suit. Upon trial a decree was entered in his favor.

The plaintiff below and certain defendants whose interests are adverse to those of Toner bring the cause here for review. The particular action of the trial court that is complained of is the sustaining of the motion to vacate the judgment.

The trial court evidently sustained the motion on the one ground therein stated and upon the theory that the service of summons upon the defendant Toner, the moving party, was void. The record shows that the service in question was made by the sheriff personally, and that the sheriff, Chas. A. Bullard, is one of the defendants in this action. It is provided in section 1298 R. S. 1908 that the "Coroner shall serve and execute process of every kind and perform all other duties of the sheriff when the sheriff shall be a party to the case." This court, in *General Film Co. v. McAfee, Sheriff*, 58 Colo. 344, 145 Pac. 707, where this same statute was involved, said:

"The sheriff was the defendant in the action. The statute provides, in clear terms, that in such case the coroner shall execute process of every kind and perform all other duties of the sheriff. The statute is mandatory * * * ."

It is contended by plaintiffs in error that the above statute is not controlling in this case because, as they claim, the sheriff here "was only a nominal party" and "had no real interest in the case."

The record shows that the sheriff, as successor in trust to Collier Hendrie, deceased, was the present trustee under the deed of trust found to be held by the defendant Toner. As such trustee he held the legal title to the land involved in this suit. "A trustee holding the legal title to the premises in controversy, although he has no beneficial interest therein, is a proper party to a final determination of the controversy." 4 Sutherland on Code Pl. & Pr., sec. 6226, p. 3428, citing *Reynolds v. Lincoln*, 71 Cal. 183, 9 Pac. 176, 12 Pac. 449. The sheriff was a proper party in the instant case. Whether or not the defendant sheriff had any pecuniary interest in the case is immaterial, since in either event he was "a party to the case" within the meaning of the statute. The term "party" as used in statutes of this kind means the person whose name is expressly mentioned in the record as plaintiff or defendant, or one of the plaintiffs or defendants. *Douglass v. Gardner*, 63 Maine (3 Smith) 462; *Merchants' Bank v. Cook*, 21 Mass. (4 Pick.) 405.

In our opinion, no sufficient reason is shown for reversal of the judgment. It is therefore affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.