No. 17,358.

CITY AND COUNTY OF DENVER ET AL. *v.*
McNICHOLS, AS AUDITOR ET AL.
(268 P. [2d] 1026)

Decided March 29, 1954.

Mr. JOHN C. BANKS, for plaintiff in error City and County of Denver.

Messrs. GORSUCH, KIRGIS, CAMPBELL, WALKER & GROVER, for Board of Trustees of Retirement and Disability Plan.

Mr. BEN KLEIN, for Board of Directors of Municipal Employees Credit Union.

Mr. WILLIAM E. DOYLE, Mr. ROBERT S. APPEL, Mr. GREGORY A. MUELLER, for other plaintiffs in error.

Mr. FRED M. WINNER, Mr. HARRY A. KING, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE City and County of Denver filed its complaint in the district court, in which numerous defendants were named as representatives of several classes of persons whose interests, duties and obligations were involved with relation to a series of ordinances adopted by the Denver city council. As hereinafter more particularly detailed, the ordinances giving rise to the action involve the creation, enlargement and dissolution or termination of a plan for retirement and disability benefits for employees of the City and County of Denver.

In the complaint it was alleged, inter alia: "That, in order to eliminate the uncertainty and insecurity with respect to rights, status, and other legal relations of the respective parties to this action, it is necessary that the following questions be judicially determined:" Seven lengthy, but nevertheless specific, questions were then set forth and the prayer of plaintiff was that a declara-

tory judgment be entered, "answering the questions heretofore raised in this complaint and declaring the rights, status and other legal relations of all of the parties hereto."

The record is lengthy, and much of it is immaterial to the disposition made of the case by the trial court. We refer in this opinion only to so much of it as we consider material to the conclusion we reach concerning the law applicable to the case.

In 1946 the city council of the City and County of Denver adopted an ordinance, known as Ordinance No. 84, the title of which was as follows: "A Bill for an Ordinance Relating to Employees, to their Compensation, Providing for Retirement and Disability Benefits, and Providing for the Allocation and Management of Assets to Pay for Such Benefits."

An elaborate system of retirement and disability benefits was provided for the "employees" of the City and Count of Denver by the ordinance adopted under the foregoing title. No question arises concerning the validity of this ordinance, and all parties agree that it was in all respects a valid act of the city council. In anticipation of the possible future expansion of national social security benefits to include employees of municipal corporations the said ordinance included the following provision: "Section 15. Nothing in the system is intended to nor shall it be construed to create a debt for any year which is a charge against the City's revenues for any future year. The system is a determination of policy by the City and will remain the policy until changed by ordinance or Charter amendment. The city reserves the right to discontinue further operation of the system at any time, in which event the trust shall terminate. In case of such termination of the trust any money in the trust fund shall be distributed and paid over within thirty days of such termination and in the following order of preference: First, an amount equal to the total

contributions of each member, diminished, however, as to members who have theretofore become beneficiaries, by the amount of five dollars for each month the member shall have been a beneficiary; Second, the remainder in the trust fund, if any, to all members and beneficiaries in direct proportion to the respective total service record of each, provided that for the purposes of determining such proportion no member's service record in excess of thirty-three years shall be considered; and with respect to beneficiaries of the system, the service record shall be diminished as to each member by the period of time each member shall have been a beneficiary."

In May, 1950, the city council passed an ordinance, known as Ordinance No. 108, the title of which was as follows: "A Bill for an Ordinance Amending Ordinance Number 84, Series of 1946, As Amended, Relating to a Retirement and Disability Plan, and Repealing Ordinance No. 196, Series of 1949, and all Ordinances or Parts Thereof in Conflict Herewith."

Pertinent provisions of this ordinance are: "The term 'employees' shall also apply to persons eligible for benefits under the terms of Section 21." Section 21, as amended by the ordinance under consideration, included the following: "From and after December 1, 1949, all appointed or elected officers of the City and County of Denver * * * shall be eligible for membership in the City and County of Denver Employees' Retirement and Disability Plan on the same terms and conditions as employees of the City and County. All persons who were officers of the City and County of Denver on October 1, 1946, or have since become officers, *shall* become members of the plan without regard to other qualifications."

Following the adoption of this "amendment" to the 1946 ordinance, elected and appointed officers of the City and County of Denver, including members of the city council, as well as the District Attorney for the Second Judicial District and the Judges of the Juvenile

and County courts of the City and County of Denver, made retroactive payments into the fund and claimed to be participants in said retirement plan. The monthly payment required of employees was $5.00, and for each month for which a member paid that amount the City and County of Denver paid into the fund to the credit of such employee the sum of $12.00.

In August, 1953, the city council adopted another ordinance, known as Ordinance No. 170, the title of which was: "A Bill for an Ordinance Relating to Retirement: Terminating the Present Retirement and Disability Plan for Employees of the City and County of Denver, and Providing for a Continuation of Payments to Persons Receiving Retirement or Disability Payments on the Effective Date of this Ordinance."

The preamble · of this ordinance indicates that the purpose was to abandon the plan created in 1946 in favor of coverage under the Social Security Act of the United States, which system had been enlarged to permit coverage of municipal employees. The ordinance directed distribution of the trust funds as provided by the 1946 ordinance. Under this directed distribution it is claimed that seven of the nine members of the city council would be entitled to receive, as their distributive share in said fund, amounts varying from $350.00 to $1,000.00. For each $5.00 contributed by said councilmen to the trust fund, the City and County of Denver had contributed $12.00.

After hearings extending over a number of weeks, the trial court became convinced that Ordinance No. 170 (the ordinance terminating the plan) was invalid for the following reasons: (1) "Seven of the nine councilmen who voted to enact Ordinance No. 170, Series of 1953, had an immediate, direct, personal, pecuniary interest in its passage; and it is the law of this case that their interests were of such a nature that they are ineligible to receive any distribution. (2) There was not a legal quorum present at the meeting which attempted to pass

Ordinance No. 170, Series of 1953; that action of Council in attempting to enact the ordinance was a nullity and void, and the Retirement and Disability Plan created by Ordinance No. 84, Series of 1946 has never been terminated."

With reference to the ordinance authorizing "officers" to enter the plan of retirement, the court found that six of the nine councilmen who "passed" the amendment were disqualified from voting upon the adoption thereof because of their pecuniary interest in the subject matter of the ordinance. Thus, the court held, it was not adopted by a legal quorum of councilmen.

As further ground for invalidating Ordinance No. 108, the trial court found that the title of the 1946 Ordinance No. 84, being expressly limited to "employees," was not broad enough to warrant the amendment which attempted to extend coverage to elected and appointed officers of the municipality. In this connection the trial court said:

"The preamble to the ordinance certainly excludes 'officers,' and no stretch of judicial or legislative interpretation could reach any other conclusion.

"Therefore, clearly inserting 'officers' in the ordinance was a new subject-matter and violated Article XIV, Section 26 of the Charter, *supra*, and by law that provision of Ordinance No. 108 was null and void."

Section 26, XIV of the Charter of the City and County of Denver, provides: "All ordinances or resolutions, except ordinances making appropriations, shall be confined to one subject, which shall be clearly expressed in the title. If any subject shall be embraced in any ordinance which shall not be expressed in the title, such ordinance shall be void only as to so much thereof as shall be not so expressed." Another section of the city charter provides, inter alia: (Section 315) "All persons in the employ of the City and County, or any of the departments thereof, whose salaries or compensation are not fixed in

this charter amendment are hereby declared to be employes, * * *."

The trial court adjudged that the two ordinances, adopted subsequent to the Act of 1946, were null and void; that the retirement plan as originally created remained in existence; that the District Attorney and members of his staff were not city employees and were not legal participants in the benefits of said plan; that the judges of the juvenile and county courts were not eligible for participation in said retirement plan because they were not employees of the City and County of Denver; and that clerks and employees in the offices of the juvenile court, county court and district courts had been made eligible under the provisions of a special statute adopted by the legislature, namely, chapter 158, section 12, Session Laws 1949.

Questions to be Determined.

First: *Was Ordinance No. 108, Series of 1950, void for the reason that the title of the Act which it sought to amend necessarily prevented elected and appointed officers of the city from participating in the benefits of the retirement and disability plan?*

This question is answered in the affirmative. The charter provision hereinabove quoted is comparable to Section 21, Article V of the Colorado Constitution. Within the sphere of legislation on behalf of the city, the charter requires that the subject of an ordinance shall be "clearly expressed in its title," just as the constitutional provision operates with reference to legislation upon the state level. The title of the 1946 ordinance was specific in limiting the scope of the ordinance to a particular class of persons. The language employed was, "A Bill for an Ordinance *Relating to Employees* * * *." (Emphasis supplied). No one else was included. The word "Employees" must have meant only those included within the charter definition of that term.

Plaintiffs in error have cited cases from other jurisdictions holding that for some purposes an "officer" may

be considered an "employee." In this jurisdiction, however, under the Constitution of the State of Colorado, the Charter of the City and County of Denver, and the decisions of our Court, "officers" are not "employees." Section 2, Article XX, of the Constitution provides, inter alia: "The officers of the City and County of Denver shall be such as by appointment or election may be provided for by the charter; and the jurisdiction, term of office, duties and qualifications of all such officers shall be such as in the charter may be provided." In Article XIV, section 209, of the Charter of the City and County of Denver, councilmen are named as city officers; and in section 317, Article XX, the Mayor, City Attorney, Manager of Improvements and Parks, Manager of Revenue, Manager of Safety and Excise, Manager of Health and Charity, Commissioner of Supplies, and Clerk and Recorder are named as officers. By the Charter itself, these officials are officers whose salaries are fixed by vote of the people. They are not, and cannot be said to be, "employees." Section 315 of the Charter of the City and County of Denver expressly defines "employees" as follows: "All persons in the employ of the City and County, or any of the departments thereof, whose salaries or compensation are not fixed in this charter amendment are hereby declared to be employees * * *."

Thus, to guide us in determining the meaning of the word "employees" as used in the title to the 1946 ordinance we have: (1) A constitutional definition of "officers"; (2) charter provisions listing the city "officers"; (3) a definition in the original ordinance strictly in accord with the charter, and (4) a charter definition of "employees." We believe that these basic definitions of the distinctions between "officers" and "employees" control over cases from other jurisdictions, not decided under these constitutional and charter definitions; moreover, our Court has recognized that the terms "officer" and "employee" are not interchangeable, and that the two are to be distinguished. *Hudson v. Annear,* 101 Colo.

551, 75 P. (2d) 587; *Corfman v. McDevitt,* 111 Colo. 437, 142 P. (2d) 383, 150 A.L.R. 97.

Since "officers" are not "employees," section 26, Article XIV, of the Charter of the City and County of Denver is applicable. That charter provision is, in part: "* * * If any subject shall be embraced in any ordinance which shall not be expressed in the title, such ordinance shall be void only as to so much thereof as shall not be expressed."

It is elementary that the title to the Act must include every subject covered in the statute, and every subject covered in an amendatory Act must have been included within the title to the original statute. *In Re Consolidation of School Districts, Senate Bill No. 23,* 23 Colo. 499, 48 Pac. 647; *People ex rel. v. Fleming,* 7 Colo. 230, 3 Pac. 70; *People v. Friederich,* 67 Colo. 69, 185 Pac. 657; *Board of County Commissioners of Teller County v. Trowbridge,* 42 Colo. 449, 95 Pac. 554; *Burcher v. People,* 41 Colo. 495, 93 Pac. 14, 124 Am. St. Rep. 143.

Thus it follows that only persons eligible for membership in the retirement plan under the 1946 ordinance could at any time thereafter be participants therein, and members of the city council acquired no interest as beneficiaries or members. This conclusion makes it unnecessary to determine whether Ordinance No. 108 was void for the reason that the councilmen who voted in favor of it were disqualified because of a pecuniary interest therein. It follows that the trial court was correct in holding said ordinance void, and in further holding that the District Attorney, the County Judge and the Juvenile Judge were not eligible for participation in the plan.

Second: *Is Ordinance No. 170, Series of 1953, void, for the reason that seven of the councilmen who voted in favor of the adoption thereof were disqualified from voting because of the pecuniary interest which they had in the termination of said plan?*

This question is answered in the negative. The

amendment attempted by Ordinance No. 108 was inoperative and the original plan of retirement remained in full force and effect. The rule applicable in this connection is stated in *People ex rel. v. Sbarbaro*, 386 Ill. 581, 54 N.E. (2d) 559, as follows: "This amendment was invalid and wholly inoperative. An invalid law is no law at all. It confers no rights and imposes no duties. (*Chicago, Wilmington and Vermilion Coal Co. v. People*, 241 Ill. 421, [73 N.E. 770]). The effect of an enactment of an invalid amendment to a statute is to leave the law in force as it existed prior to the adoption of such amendment. * * *"

■ In *Coulter v. Board of County Commissioners of Routt County*, 9 Colo. 258, 11 Pac. 199, our Court said, concerning an analogous situation: "Mr. Cooley lays down the rule thus: 'When a statute is adjudged to be unconstitutional, it is as if it never had been. Rights cannot be built up under it. Contracts which depend upon it for their consideration are void. It constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made. * * *' Cooley, Const. Lim. p. 188."

We are satisfied that the motives which were responsible for the enactment of the ordinance terminating the plan cannot be questioned. From the ordinance itself it clearly appeared that Federal Social Security had become available; that in order to secure it, it was necessary to terminate the existing plan; that the general assembly of Colorado had enacted legislation enabling political subdivisions of the state to provide the protection of the national program; that an agreement had been entered into between the Federal Security Administration and the State of Colorado providing machinery for participation in the federal system; and that it was in the public interest and in the interest of the employees to obtain social security coverage.

■ We are of the opinion that in the face of these

explicit findings, and in the complete absence of any evidence whatever indicating anything to the contrary, the trial court erred in reaching the conclusion that the pecuniary interest which the individual council members might have in the distribution of the fund was sufficient to disqualify them from voting on the adoption thereof. As we already have seen, the council members had no legal interest in the fund because of the invalidity of the ordinance which purported to extend coverage to them; thus, when the termination ordinance was adopted in 1953, it operated upon the original plan created by Ordinance 84, Series of 1946. Accordingly, we hold that Ordinance No. 170, Series of 1953, was valid, and effectively terminated the retirement and disability plan created in 1946.

The judgment is affirmed in part and reversed in part, as hereinabove indicated, and the cause is remanded for trial upon the issues of law and fact made by the pleadings and not within the issues determined herein.