## No. 17,833.

### Jean B. Staats, et al. *v.* Central Bank and Trust Company.
(296 P. [2d] 1046)

Decided May 7, 1956.

Mr. Don B. Oliver, Mr. David J. McKee, for plaintiffs in error.

Messrs. Gorsuch, Kirgis, Campbell, Walker & Grover, Mr. Leonard M. Campbell, Mr. Raymond J. Connell, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

A RETIREMENT plan was adopted by the City and County of Denver in 1946, and was terminated by an ordinance passed by the city council in 1953. The City and County of Denver brought an action for declaratory judgment to determine the rights of various classes of employees for the purpose of ascertaining the persons who would share in the distribution of the funds upon termination of the original plan. This action for declaratory judgment has been presented to this Court on two former occasions, namely, *City and County of Denver v. McNichols,* 129 Colo. 251, 268 P. (2d) 1026, and *McNichols et al. v. City and County of Denver et al.,* 131 Colo. 246, 280 P. (2d) 1096. For a more complete understanding of the background connected with the present controversy, reference should be had to the opinions in the foregoing cases.

After the opinion in *McNichols v. Denver, supra,* the trial court undertook to make distribution of the trust fund which had been deposited in the registry of the court under stipulation of the parties and in the custody of the Central Bank and Trust Company as court appointed custodian and trustee. In the course of preparations to distribute the fund, notice was published and claimants were given until August 9, 1955, in which to assert claims. The three plaintiffs in error in this action filed claims which raise a single question and all three claims are identical in so far as the pertinent facts are concerned. Accordingly, a statement of the controlling facts in the case of plaintiff in error Mary Fincher will be suficient to cover those involved in each of the other claims.

Mary Fincher's husband was a city employee to whom a policy was issued in the original retirement program in which she was named beneficiary in the event of his death. He died March 7, 1953, prior to the termination of the original plan and before any retirement benefits

had been applied for or received by him. Pursuant to the terms of section 14 of the original ordinance, Mary Fincher filed a proof of death and an affidavit of claim requesting the payment to her of the monthly contributions made by her husband at the rate of $5.00 per month while the plan was in effect and while he was an employee, which said contributions totalled $360.00. This sum was paid to her by check on March 18, 1953, and she cashed the check.

The trial court denied the claims of plaintiffs in error and in effect held that they were not eligible to participate in the distribution of the trust funds remaining in the hands of the trustees upon termination of the retirement program. Reversal of the judgment is sought by writ of error.

Pertinent provisions of the ordinances of the City and County of Denver which created the retirement plan are as follows:

"Section 14. In case of the death of a member, prior to or during a period when he is receiving payment under Sections 5, 6, or 7 hereof, and prior to the time when the total of any payments to him shall have equalled his accumulated contributions, the difference between his accumulated contributions and the amount so received by him shall be paid to his named beneficiary, or to his heirs, executors, or administrators if no such beneficiary shall have been named; but if no one qualified to receive such difference shall claim the same within two years, the same shall remain as a part of the Trust Fund.

\* \* \*

"Section 15. \* \* \* The City reserves the right to discontinue further operation of the system at any time, in which event the trust shall terminate. In case of such termination of the trust any money in the trust fund shall be distributed and paid over within thirty days of such termination and in the following order of preference: First, an amount equal to the total contributions of each member, diminished, however, as to members

who have theretofore become beneficiaries, by the amount of five dollars for each month the member shall have been a beneficiary; Second, the remainder in the trust fund, if any, to all members and beneficiaries in direct proportion to the respective total service record of each, provided that for the purposes of determining such proportion no member's service record in excess of thirty-three years shall be considered; and with respect to beneficiaries of the system, the service record shall be diminished as to each member by the period of time each member shall have been a beneficiary."

The ordinance adopted in 1953, which terminated the plan, provided, "That distribution of the Trust Fund held by the Board of Trustees of the said Retirement and Disability Plan shall be made to the members and beneficiaries thereof by the Board of Trustees in accordance with the provisions of" the ordinance last above quoted.

On behalf of plaintiffs in error it is argued that their deceased husbands, having fulfilled all the conditions required of them up to the time of death, had a vested right in the fund created by the ordinance; that when a municipality promises to make payments to its employees under certain conditions, upon fulfillment of all the conditions on the part of the employees the offer of the city ripens into a contract which creates a vested property right; and that upon liquidation of the Plan the property right thus vested is distributable to the surviving wives.

Question to be Determined.

*Do the named beneficiaries of the deceased former employees, who died prior to the termination of the Retirement and Disability Plan on September 19, 1953, and who were not receiving any retirement or disability benefits under the terms of the Plan, have a vested right to share in the distribution of the trust fund when the said beneficiaries were notified of the amount of the deceased employees' monthly payments into the fund and received and cashed checks for this refund from the*

*retirement fund prior to the termination of the Plan?*

The question is answered in the negative. Any right which plaintiffs in error have to share in the distribution of the trust funds must be found within the terms of one of the ordinances hereinabove quoted. The policies were issued to the deceased employees in accordance therewith, and there is but one provision contained in any of the pertinent ordinances which specifically mentions the rights which shall exist in the event of the death of an employee. This statement is to the effect that in case of the death of a member, "prior to the time when the total of any payments to him shall have equalled his accumulated contributions, the difference between his accumulated contributions and the amount so received by him shall be paid to his named beneficiary, or to his heirs, executors or administrators if no such beneficiary shall have been named. * * * "

■ ■ Thus specific treatment is given the subject dealing with the rights existent in the event an employee dies while the plan is still in effect. It is admitted that the husbands of claimants all died prior to the termination of the plan, and each of the surviving spouses received and cashed her check for the accumulated monthly payment contributed by the respective employee during the time he was a member of the plan. That portion of the ordinance which provides for distribution of the fund, if and when the plan is terminated, contains no provision which includes plaintiffs in error as members of any class entitled to participate therein. In *Board of Trustees of the Policemen's Pension Fund of the City of Pueblo, et al. v. Starasinich,* 128 Colo. 556, 264 P. (2d) 1033, we said, inter alia: " * * * we must accept the law as enacted and not undertake to read into the statutes or ordinances requirements or conditions not imposed by the Legislature and thus change the law by judicial construction." Just as this Court must not impose additional "requirements or conditions" by judicial construction, we should not create additional rights to pension bene-

fits. The rights must, in fact, be created by the legislation as enacted. In the instant case the city council made specific provision for refund of contributions to named beneficiaries in the event of an employee's death, and there is no basis in the ordinance for granting the additional right to them to participate in the distribution of the trust fund upon termination of the plan.

Accordingly, the judgment is affirmed.