No. 17,912.

Tom Brisnehan *v.* Central Bank and Trust Company, as Trustee, et al.
(299 P. [2d] 113)

Decided July 2, 1956.

48

Jane Francis, Schaetzel & Schaetzel, for plaintiff in error.

Messrs. Gorsuch, Kirgis, Campbell, Walker & Grover, for defendant in error Central Bank and Trust Company.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This action arises in connection with the creation, operation and termination of the retirement plan adopted by the City and County of Denver for the benefit of employees of the municipality. For a full comprehension of the ordinances creating the retirement program and the subsequent procedures which brought about its termination, reference should be made to *City and County of Denver v. McNichols,* 129 Colo. 251, 268 P. (2d) 1026. Three other opinions of this Court have dealt with the various problems arising from the action

of the City and County of Denver which terminated the retirement plan, and are reported as follows: *McNichols et al. v. City and County of Denver*, 131 Colo. 246, 280 P. (2d) 1096; *City and County of Denver v. Central Bank and Trust Co.*, 133 Colo. 141, 292 P. (2d) 738; and *Staats et al. v. The Central Bank and Trust Co.*, 133 Colo. 442, 296 P. (2d) 1046.

In view of the detailed analysis of the ordinances contained in the foregoing opinions, we shall undertake to do no more than mention specific parts thereof which are pertinent to the issues now presented. Ordinance 84, Series of 1946, which created the plan, provides in part as follows:

"Section 1(h). Effective date means October 1, 1946, the date when the plan should be first put into effect.

"Section 2. Every employee who within sixty (60) days of the effective date, or, if on leave of absence on the effective date, and within sixty (60) days of returning from such leave of absence and becoming an employee shall be a party to and eligible to the benefits of the system * * *.

"Section 20. No obligation shall rest on the City respecting any employee by reason of adoption of the system except as specifically set forth herein. Minor changes may be made in the system by the City. * * * A change which substantially affects the property rights of a member shall be considered major and any other change minor.

"Section 23. To secure the benefits of the system and become a member, an employee shall evidence his assent to it and to the terms and provisions of the system, including the provisions of the assent by his signature to a statement of assent in substantially the following form:

"I have read the terms and provisions of Ordinance No................., Series of 1946, of the City and County of Denver, establishing, among other things, a retirement

50

system, and agree thereto this............day of.......................,
194......... I hereby designate........................................................
my beneficiary (or beneficiaries to share equally) here-
under until such time as I shall designate a different
beneficiary in writing; the right to change beneficiary
being hereby specifically reserved. I hereby authorize
the City and its proper officers and employees to make
payroll deductions from amounts due me from the City,
necessary to meet my obligations under this system.
..................................................................................."

Plaintiff in error Brisnehan, and others to whom we
will hereinafter refer as claimants, did not within sixty
days following the effective date of the plan "evidence
his assent to it and to the terms and provisions of the
system" in substantial compliance with the form set
forth in section 23 above. The Board of Trustees,
charged with responsibility of administering the retire-
ment program, permitted a number of persons, includ-
ing claimants, to identify themselves with the program
notwithstanding the fact that they had not assented
within the period of sixty days as provided by the ordi-
nance. A communication was addressed to various de-
partments of the city government which stated, inter
alia: "All employees who had the option to join prior to
November 30, 1946, may join now, but, they must pay
the amount they would have paid up to the date of
entry, i.e. December, 1946," to date of application.

There was evidence that the Board adopted a rule to
admit employees to membership in the plan even though
the sixty days had expired prior to their application,
and although there was some doubt as to their authority
to do so, they decided it would be all right because of
the powers granted by section 17 of the ordinance. This
section provides, in part: "The trustees may, by a ma-
jority vote, make all rules necessary or proper for the
management of the trust fund, and the exercise of their
power." In connection with the distribution of the assets

to those entitled to receive same upon termination of the plan, defendant in error determined that claimant and others similarly situated were not eligible to participate beyond receiving a return of the contributions which they actually had made to the fund.

The trial judge sustained the position of defendant in error and ordered that all contributions made by the city on behalf of claimant be returned to the general fund of the City and County of Denver, and that claimant and those similarly situated be eliminated as beneficiaries for the reason that they were not members of the plan.

As grounds for reversal counsel for claimant assert: (1) That the Central Bank and Trust Company, as trustee for the purpose of distribution of assets to those entitled to receive them, is a mere "stakeholder" and "cannot assume the city's prerogative of repudiating supposedly extra-legal contracts made by its officers * * *;" (2) that the doctrine of estoppel is applicable in that an agreement was entered into between the city and claimant who relied thereon, that the city accepted the benefits thereunder and officers of the city ratified the contract; and (3) that amounts paid into the trust fund by the city to the account of claimant were actually compensation to claimant and "the workman is entitled to his pay."

Questions to be Determined.

First: *Does the trustee bank have the authority to question the eligibility of claimant to receive a distributive share of the trust funds upon termination of the retirement plan?*

This question is answered in the affirmative. It is within the power, and is the duty, of a trustee to institute action and proceedings for the protection of the trust estate and the enforcement of claims and rights belonging thereto, and to take all legal steps which may be reasonably necessary with relation to those ob-

jectives. Restatement of the Law of Trusts, vol. 1, sec. 177. In *Brookfield v. Pentis,* 101 Fed. (2d) 516, it was said:

"Being endowed with legal title to the assets and the obligation to preserve the same, the trustee may maintain any proper action in equity for the protection of the same. * * * Not only in such case has the trustee the right to maintain the suit, but if it failed to do so and because of its negligence some part of the trust fund should be lost, there would be a serious question whether, because of its failure to perform its duties as a trustee, it had become directly liable to the beneficiaries of the estate for such negligence."

Second: *Did the Board of Trustees have the power to issue to claimant a "contract" or membership in the retirement plan notwithstanding the fact that more than sixty days had expired from the effective date of the creation of the system before claimant asserted his right to become a member thereof?*

[2] This question is answered in the negative. The trial court properly concluded that:

"It cannot be successfully contended that the dropping of the bars provided in Section 2, supra, would not be a major change because that would permit all old employees to come under the plan at any time up to the time of the termination or retirement without the City or the employee contributing to the plan during the time after failure to elect as provided by the Ordinance, and thus diminish the other employees' share who had conformed to the provisions of the Ordinance. It would also diminish the trust fund from an actuarial standpoint should the City have kept the plan.

"This being a major change, neither the Mayor nor the Auditor nor any executive could change the plan without an Ordinance being enacted and adopted by the City Council of the City and County of Denver. No change was ever enacted."

Third: *Does the doctrine of estoppel operate to give validity to the assertion of claimant that he is eligible to receive the share as a member of the retirement plan?*

■ This question is answered in the negative. Claimant assented to become a member of the plan, for the first time in writing, when he signed the following statement included in the "policy" issued to him: "I have read the terms and provisions of this instrument and agree thereto this day of January 15, 1947 * * *." This was approximately six weeks after expiration of the sixty day period within which the ordinance required assents to be filed. Thus on the face of both the ordinance and the policy, claimant knew, or should have known, that he was not eligible for membership. The retirement plan was a product of the ordinance and its terms cannot be enlarged or changed by administrative act or by application of the doctrine of estoppel under the facts disclosed by the record in the instant case.

Other points mentioned by claimant as warranting reversal of the judgment are without merit. The judgment is affirmed.

MR. JUSTICE HOLLAND concurs in the result.