**UNITED STATES of America, Plaintiff,**

v.

**A. Rowland BOUCHER, et al.,
Defendants.**

No. 85–C–2096.

United States District Court,
D. Colorado.

April 23, 1990.

Dan Ross, Washington, D.C., for plaintiff.

Stanley Hallman, Denver, Colo., pro se.

Ericsson Boucher, Duluth, Minn., pro se.

Pamela A. Boucher, Chicago, Ill., pro se.

Mary K. Boucher, Richmond, Tex., pro se.

A. Rowland Boucher, Littleton, Colo., pro se.

Andrea Boucher, Los Altos, Cal., pro se.

Denise Boucher, Littleton, Colo., pro se.

ORDER

CARRIGAN, District Judge.

### I. JURISDICTION.

Plaintiff United States of America ("Government"), commenced this action against the defendants A. Rowland Boucher and Mary K. Boucher ("Settlors") to, *inter alia*, reduce federal tax assessments to judgment. The government also named Pamela Boucher, Ericsson Boucher, Denise Boucher, Andrea Boucher ("Beneficiaries"), and Stanley B. Hallman ("Hallman") as defendants.

The beneficiaries commenced an action against Hallman, the trustee of trusts created for each beneficiary by the settlors, in the state district court for the City and County of Denver, Colorado, claiming that Hallman had converted trust assets and breached fiduciary duties owed to the beneficiaries. This action was removed to this

court by Hallman pursuant to 28 U.S.C. § 1441(a), and became Civil Action No. 88–C–18–1941. It was consolidated with Civil Action No. 85–C–2096, the case at bar, by my order dated January 9, 1989.

Hallman, appearing *pro se*, has moved to dismiss the United States' claim against him as trustee. Hallman asserts that the government has not stated a claim upon which relief can be granted, and that he is not a proper party to the action, citing Rule 17(b), Fed.R.Civ.P. In addition, Hallman asserts that the beneficiaries' claim against him creates a conflict of interest justifying his replacement as trustee. The beneficiaries, also appearing *pro se*, have responded by opposing the motion. The government has not responded.

I have read the parties' briefs and have fully considered their arguments. Oral argument would not materially assist my decision. Jurisdiction is founded on 28 U.S.C. §§ 1340 & 1345, and 26 U.S.C. § 7402.

## II. FACTS.

The government contends that the settlors owe $1,066,304.53, as of September 9, 1985, for assessed but unpaid federal income taxes for the years 1967, 1969 and 1970. The United States Tax Court has upheld the government's tax claims. In addition, the government claims that the settlors owe $195,697.30, as of September 9, 1985, for assessed but unpaid federal income taxes for the years 1975, 1976, 1977 and 1979. Judgment is sought against the settlors for these amounts plus any statutory additions.

The government further contends that the settlors, in violation of C.R.S. §§ 38–10–117 and 38–10–111, fraudulently conveyed their residence and/or an option to repurchase their residence and other property, to Hallman, in trust for the beneficiaries. In addition, the government claims: (1) that the trusts are shams; (2) that the trusts are the settlors' alter egos and nominees; and (3) that the property transferred to the trusts was transferred in trust for the benefit of the United States and the settlors. The government asks this court to determine that the property

conveyances are void as fraudulent conveyances, and that the property is subject to a tax lien in satisfaction of the settlors' tax deficiency.

On October 8, 1987, I granted the government's motion for a preliminary injunction against all defendants, preventing them from concealing, disposing, disturbing, distributing, or encumbering any of the trust assets.

## III. DISCUSSION.

### A. The Government Has Stated A Claim Upon Which Relief May Be Granted

■ The terms of the trust require that Hallman distribute the trusts' principal to the respective beneficiaries on their twenty-first birthdays. All the beneficiaries are now over twenty-one. Accordingly, Hallman claims that he does not have the power to convey the trust property to the government in the event the court orders him to do so. His claim is meritless.

Property held by the alter ego of a tax payer is regarded as the taxpayer's property, and is subject to lien under 26 U.S.C. § 6321. *G.M. Leasing Corp., et al. v. United States, et al.*, 429 U.S. 338, 351, 97 S.Ct. 619, 628, 50 L.Ed.2d 530 (1977); *Shades Ridge Holding Co., Inc. v. United States*, 880 F.2d 342, 345 (11th Cir.1989); *F.P.P. Enterprises v. United States*, 830 F.2d 114, 118 (8th Cir.1987). Sham transfers are fraudulent conveyances and the property purportedly transferred may be levied upon to satisfy the transferor's tax liability. *Loving Saviour Church v. United States*, 728 F.2d 1085, 1086 (8th Cir. 1984); *Lewis G. Allen Family Trust v. Government of the United States*, 558 F.Supp. 152, 158 (D.Kan.1982). The government claims that the trusts are void as fraudulent conveyances, or that the trusts are the settlors' alter egos. If it prevails on this issue, this court is authorized to grant the requested relief. Therefore, Hallman's motion to dismiss is denied.

### B. The Trustee Is A Proper Party

■ Hallman claims that pursuant to Rule 17(b), Fed.R.Civ.P., he is not a proper

party to the suit by the government. This claim is also without merit.

"[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held." Rule 17(b), Fed. R.Civ.P. In Colorado, suit against the trustee is a proper means of initiating an action for the recovery of trust property. *Colorado Springs Cablevision, Inc. v. Lively*, 579 F.Supp. 252, 254 (D.Colo.1984); *Wise v. Toner*, 65 Colo. 420, 176 P. 838 (1918). A trustee is a proper party in Colorado. Therefore, pursuant to Rule 17(b), Fed.R.Civ.P., Hallman is a proper party in this case.

In addition, it is a fundamental element of trust law that the trustee has a duty to protect the trust assets. *Brisnehan v. The Central Bank and Trust Co.*, 134 Colo. 47, 299 P.2d 113, 115 (1956). Not only is Hallman a proper party, he has a duty to defend the trusts' assets. Hallman is a proper party, and therefore his motion to dismiss is denied.

### C. Hallman Should Not Be Removed as Trustee

■ Hallman claims that he should be removed as trustee because the beneficiaries' suit against him creates a conflict of interest, preventing him from representing the trusts. Although this precise question has not been extensively litigated, the subject has been addressed by several commentators. Generally, a trustee can not divest himself of the office or the responsibilities of the office through his act alone. Bogart, Trusts & Estates § 511 (2d ed.); Restatement of Trusts (Second) § 106.

However, it is within the discretion of this court to accept or reject Hallman's resignation. If Hallman can show that his continuance in office is detrimental to the effective administration of the trust, his resignation should be allowed. For example, if a trustee acquires an interest adverse to the trust, or his relations with the beneficiaries have become too hostile to allow harmonious action, resignation may be proper. Bogart, Trust & Estates § 515 (2d ed.).

The court also should consider the propriety of forcing a trustee to remain. A trustee who is forced to carry on fiduciary duties against his will is likely to be inefficient and neglectful. *Id.*

While the relations of the parties in the case at bar are less then harmonious, they do not warrant replacing the trustee. Hallman's interests are not adverse to the beneficiaries. In the primary case, (*United States of America v. A. Rowland Boucher, et al.*), their interests are identical. Both parties assert the validity of the trusts. Only in the consolidated action do the parties have adverse interests. It is difficult to see how the litigation will prevent Hallman from performing his duties as trustee. All parties are subject to a preliminary injunction that prevents any distribution of trust assets. Apparently, Hallman's only function at this time is to assist in the defense of the trust and to protect and remain accountable for its assets.

Another factor must be considered. The primary considerations when contemplating a trustee's replacement are protection of the trust assets, and the beneficiaries' interests. Replacing Hallman at this time would not protect trust assets. In fact, the trusts would incur further liabilities and expenses while a new trustee familiarizes himself or herself with the facts of this case.

There is substantial precedent on the issue of a trustee being removed on a beneficiary's petition. The cases dealing with this issue have stressed that the removal of a trustee is within the trial court's discretion. *Dennis v. Rhode Island Hosp. Trust Nat. Bank*, 744 F.2d 893, 901 (1st Cir.1984) (litigation between trustee and beneficiary sufficient cause to remove trustee); *Matter of Estate of Malone*, 42 Colo.App. 353, 597 P.2d 1049 (1979) (trustee can be removed even if misconduct not proved, if lack of co-operation prevents proper trust administration). Again, the facts in the instant case do not meet the standard justifying removal of the trustee.

## IV. CONCLUSION

If the government establishes that the trusts are shams and alter egos of the

settlors, the tax liens may be enforced against the trust property. Pursuant to Rule 17(b), Fed.R.Civ.P., Hallman is a proper party. The relations between Hallman and the beneficiaries are not sufficiently adverse to justify appointing a new trustee. Therefore, I conclude that Hallman's motions should be denied.

Accordingly, IT IS ORDERED that:

1. Hallman's motion to replace him as trustee is denied;

2. Hallman's motion to dismiss the United States' claim against him for failure to state a claim upon which relief may be granted is denied; and

3. Hallman's motion to dismiss the United States' claim against him because he is not a proper party is denied.