Reed, J.,
after stating the facts, delivered the opinion of the court.
" ..The validity, regularity1 and legitimacy of a transfer-of goods or property in store, by the assignment and delivery of the warehouse receipt, have been. so long and so frequently *327 recognized that it is useless to question it or cite authorities in support of it. Such transactions to the extent of millions occur daily. To transfer, deliver and change the actual possession of commodities is not only impracticable but impossible ; hence, the system of a constructive delivery of the chattels by the certificate of the third party having the possession, has become a necessity, and such constructive delivery takes the place of the actual delivery required at common law. Two things are necessary to accomplish the change of title: first, the assignment and delivery of the certificate — the evidence of the ownership — and that the property transferred is in existence in the custody of a third party and at a designated place; second, there must be a consideration.
An existing indebtedness is a good consideration, and a pledge by way of collateral security for money advanced is effectual to pass the title, as in other cases, and the transfer and delivery of the certificate is as effectual to pass the title as actual manual delivery: See Jones on Pledges, §§ 280, 281; Second Nat'l Bank v. Walbridge, 19 Ohio St. 419; Gibson et al. v. Chillicothe etc. Bank, 11 Ohio St. 311; Horr v. Barker et al. 8 Cal. 603; Burton v. Curyea, 40 Il. 320. Like any other mercantile transaction it may be impeached for fraud and collusion.
Twenty-six supposed errors occurring upon the trial are assigned; of these, the first nineteen are to the reception and rejection of evidence. After a very careful examination, we conclude that plaintiff in error was not prejudiced by any of the rulings upon the evidence. Most of the objections were in regard to incidents or matters collateral to the principal issues, and the testimony immaterial whether rejected or admitted.
The only important issue to be tried was that formed upon the last paragraph of the answer. The question being whether the transactions between the bank and Brasher & Co. were collusive and fraudulent for the purpose of defeating creditors, or bona fide transactions in the regular course of business. Great latitude was allowed upon the trial and *328 a volume of testimony admitted in regard to collateral matters, such as the amounts of the indebtedness of the firm to other creditors, the manner in which it was contracted, the manner in which business of the firm was transacted, the disposition of the books of the firm, and bills receivable, the disposition of goods and their proceeds, other than those transferred to the bank, and the legitimacy of the claims of relatives as creditors, etc., none of which were pertinent to the inquiry or issue being tried, as neither the bank nor any officer of it was in any way attempted to be shown to have been connected with them or to have had any knowledge of them. Such latitude having been given in the way of evidence to impeach the transactions, and the jury having found as fact that the transactions were legitimate and regular, the only important issue was found for the bank, and under the numerous and repeated decisions in the courts of last resort in this state where an examination of the evidence, although conflicting, shows the finding to have been warranted, such finding will not be disturbed.
The defendant signally failed to establish the allegations in his special answer by any competent evidence.
The refusal of the court to give each of the instructions asked by the defendant from one to thirteen, both inclusive, is assigned as error. A careful examination fails to support the supposed error. Each was more or less objectionable; many calling for inferences from facts not in issue and not warranted by, or predicated upon, any proper evidence in the case. The portions of them applicable and proper to be given were embodied in the instructions given by the court. Exceptions were taken and urged to some portions or paragraphs of the charge as given. It is not claimed that the matter stated was erroneous of itself, but that the errors consisted in not adding to or modifying them by requiring some other substantive fact to be found.
The charge of a court is to be examined as a whole, an entirety. Isolated and detached paragraphs may be incomplete and objectionable when viewed alone and yet be eminently *329 proper taken in connection with the balance of the charge. We think the charge taken as a whole embraced all the law of the ease necessary for the jury, and that it was fully as favorable to the defendant as was warranted.
It is assigned for error that the court arbitrarily fixed the time of counsel in addressing the jury to the prejudice of the defendant. It seems that each side was given one hour; the plaintiff fifteen minutes in. opening, and the balance in closing, and the defendant given an intervening hour. Such matters are so entirely within the discretion of the trial court that error can seldom be predicated upon them, nor will they be reviewed in this court, unless actual prejudice is shown, or an unwarranted and arbitrary interference with the right of counsel and a palpable abuse of discretion.
The judgment must be affirmed.

Affirmed.