Presiding Judge Scott
delivered the opinion of the court.
*147 It appears from the record in this case that Albert Shore, of the city .of Denver, died, leaving an estate which the district court finds to have been of the value of about twenty thousand dollars, and which consisted of a livery stable and the horses, carriages and other property belonging to such business.
He left five heirs — three brothers, of whom the appellant is one, one sister (the appellee), and a niece. The appellant was appointed administrator of the estate, and so acted for something more than a year and until the administrator had made his final report. This report seems to have been approved, but what, if anything, further had been done in the matter is not clear: The appellee, on the ninth of October, 1908, filed her petition in the county court, alleging ineompetency and neglect upon the part of the administrator, and that proper^ ty of the estate had been mixed with property of the appellant, and that the property of the estate had been mismanaged and wasted. The petition prayed for a citation to the administrator to show cause why he should not be discharged, and that upon a hearing the administrator be discharged, and another appointed.
Subsequently a hearing was had, and as a result, the final report of the administrator was set aside, the administrator removed, and another appointed. The matter was appealed to the district court, where it was again heard, and the action of the probate court sustained, or rather the district court declined to reverse the action of the county court. The reasons of the learned judge for his re *148 fusal to disturb the' action of the probate court were given as follows :
“First, that it was a matter within the discretion of the county court. Second, that the removal of the administrator is so placed in the county court, by statute, that so long as there is no abuse of that discretion, it should not be interfered with by any other court, nor the administration of the estate. Third, that it appears that there is much evidence, pro and con, relating to the facts, which the county court may have considered, and this court ought not, in reviewing such facts, determine that it would have held differently, and for that reason reverse the county court. ’ ’
The court seems to have given the case careful and patient hearing, and we see no reason to disturb its conclusions. These seem to correctly state the law in such case, and- no authorities are cited by appellant to the contrary. The record indicates bitter personal feeling upon the part of the parties in interest, and which seem to have been largely shared by counsel.
There does not appear to be any good reason why the estate may not be fairly administered by the present administrator, and if such should not be the case, it is within the power, and it is the duty of the probate court to appoint another. We must assume that the county court, being in close touch with, and having a better knowledge of, the whole matter, will exercise a sound judgment and a wise discretibn in the conduct of the affairs of the estates of deceased persons.
The judgment is affirmed.
All the judges concurring.