No. 11,811.

SMITH *v.* SMITH.

IN RE ESTATE OF SMITH.

Decided May 2, 1927.

On petition for removal of administrator. Petition granted.

*Affirmed.*

*On Application for Supersedeas.*

1. EXECUTORS AND ADMINISTRATORS—*Removal.* The removal of an administrator is a matter resting in the sound discretion of the county court, and in the absence of abuse its discretion should not be interfered with by a court of review.

2. APPEAL AND ERROR—*Deficient Record.* Where the record on review does not contain all of the evidence, the appellate court will not review a judgment upon the assignment that it is contrary to the evidence.

3. JUDGMENT—*Presumption.* The record being deficient, all presumptions are in favor of the judgment on review.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JOHN HIPP, for plaintiff in error.

Mr. JAMES H. BROWN, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is a writ of error to review a judgment of the district court removing plaintiff in error as administrator of the estate of Mary Ann Smith. This is a controversy between father and son. These shameless litigants, in their interminable controversies with each other, were here in *Smith v. Smith*, 76 Colo. 119, 230 Pac. 597.

This petition of the son asks for the removal of his father as administrator of his mother's estate. The county court granted the order of removal. The matter was appealed to the district court, where it was again heard de novo, and the action of the probate court sustained.

Our Court of Appeals held, in *Shore v. Wall*, 22 Colo. App. 146, 122 Pac. 1124, that the removal of an administrator was a matter resting in the discretion of the county court, and in the absence of abuse, its discretion should not be interfered with by a court of review.

It is manifest from the bill of exceptions that the record does not contain all of the evidence before the district court, and therefore we cannot review the judgment upon the assignment of error that the judgment is contrary to the evidence. The records in the numerous suits, covering years of litigation between father and son, in evidence before the lower court, were not brought up. In this imperfect state of the record we are compelled to presume the judgment to be correct.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.