No. 18,835.

In re Estate of Virginia K. Jefferson, etc., Richard M. Downing, as Administrator, etc. *v.* Katherine S. Hough.

(344 P. [2d] 179)

Decided September 28, 1959.

Mr. KENNETH W. ROBINSON, Mr. ROBERT D. CHARLTON, Mr. RICHARD L. SCHREPFERMAN, for plaintiff in error.

Mr. ARTHUR C. GREGORY, Mr. FRANK G. STINEMEYER, for defendant in error.

*En Banc.*

PER CURIAM.

PLAINTIFF in error, Richard Downing as administrator of the Estate of Virginia Jefferson and individually, seeks reversal of a judgment of the County Court of Denver removing him as administrator. The finding of the court was that although Downing had not been guilty of fraud and waste as charged in the petition of Katherine Hough, who was seeking his ouster and her own appointment, there were unreasonable delays in the filing of inventories and reports which delays in turn caused confusion "and mismanagement of the estate" inconsistent with his duty as a fiduciary, "acting as an arm of the court."

The judgment was entered August 6, 1958, upon a petition filed December 13, 1957, a supplemental petition dated January 15, 1958, and a second supplemental petition dated July 29, 1958, a few days before the rendition of judgment. Trial was had on January 24, 1958, and on March 6 and 7, 1958. This resulted in the judgment of removal. Detailed reference to the contents of the several petitions which contain numerous charges (some of which are exaggerated and based on inference and innuendo) is unnecessary to the present determination. It will be sufficient to refer to the conclusions of the trial court and the applicable law. The trial court's findings are as follows:

"The Court, as was indicated to counsel at a previous hearing, has found no evidence of fraud or waste during the administration of the estate by the administrator,

however, from the evidence presented ana from a perusal of the records and files in said cause, there have been many derelictions of acts as required by statutes and rules of the Court in the handling of the estate. There was a total failure on the part of the administrator to perform the acts required by statute except when specifically ordered to perform those acts by the Court. The inventory was filed late; no reports were made to the Court until specifically ordered by the Court; real property was sold in the estate without authority of the Court and there is a general lack of regard by the fiduciary of the orderly procedure in handling estate running completely through his administration of the estate. The Administrator has shown a total disregard for the procedures required of a fiduciary and this in spite of the fact that he is an attorney at law and is familiar with such duties.

"In, reviewing the cases cited by counsel, it appears that the general weight of authority is that dilatoriness of an administrator in filing inventories or making reports is not ground for removal. However, the Court in the instant case finds that there is more than just dilatoriness in the filing of the inventory and reports, in that the failure to perform the acts as required by statutes and rules of the Court has caused general confusion and mismanagement of the estate. This Court cannot tolerate such actions upon the part of a fiduciary who, in effect, is acting as an arm of the Court."

Further reasons for the court's action are apparent in the court's remarks incident to the denial of the motion for new trial:

"THE COURT: The Court is very aware of the effect that such accusation had upon Mr. Downing, and the court hates to make such an order for that reason. However, as the court stated in its original opinion, I think this is more than just dilatoriness in filing reports and inventories; it has been failure to perform acts required by statute and rules of court which has caused general

confusion. It isn't one or two particular acts, but it has been continuous throughout administration of the estate, and the court is therefore going to deny your petition to alter judgment and for new trial."

■ Our statute, C.R.S. 1953, 152-10-8 (2), vests the county court with discretion to remove a fiduciary " * * * or for any other good and sufficient reason in the opinion of the court."

While the trial court's finding that there was no evidence establishing fraud or waste is supported by the record, we cannot say that the evidence was insufficient to overcome the principle contended for by Downing, namely, that mere dilatory filing of itself does not provide a basis for removal of a fiduciary. *In Re Meyers Estate,* 130 Cal. App. (2d) 145, 278 P. (2d) 471; *In Re Buchman,* 123 Cal. App. (2d) 546, 267 P. (2d) 73; *In Re Hartt's Estate,* 75 Wyo. 305, 295 P. (2d) 985; *Willoughby v. Willoughby,* 203 Ala. 138, 82 So. 168; *In Re Feldman's Estate,* 134 Ore. 33, 292 Pac. 1029.

The governing principle is that expressed in the following decisions: *In Re Thomas Estate,* 26 Colo. 110, 56 Pac. 907; *Shore v. Wall,* 22 Colo. App. 146, 122 Pac. 1124, and *Smith v. Smith,* 81 Colo. 411, 255 Pac. 985. These cases recognize that the probate court is vested with full discretion in the area of removal of fiduciaries and its determination on disputed facts will not be disturbed absent a showing of abuse of discretion. In accord with this ruling is our recent decision in *Canady v. Kauffman,* No. 18,264, 140 Colo. 165, 342 P. (2d) 1027, decided August 17, 1959.

Concluding as we do that the evidence is sufficient to support the county court's judgment and that there was therefore no abuse of discretion, the judgment should be and it is hereby affirmed.

On consideration of the petition for rehearing it is ordered that the former opinion herein be withdrawn and this opinion substituted. Petition for rehearing is denied.