S. Samuel Di Falco, S.
The decree admitting to probate the will and codicil of the decedent stayed the issuance of letters testamentary pending a determination of the objections filed by the widow. The will, dated October 26, 1962, appointed as executors and trustees the brother of the decedent and decedent’s attorney, Reuben M. Siwelc. The codicil, dated November 21, 1962, revoked the appointment of the brother and appointed a nephew, Edmund H. Miller, as coexecutor and cotrustee. The widow had been engaged in rather extensive litigation with the decedent in the period immediately prior to his death. Several of the actions are still pending. The will gives her the minimum which is necessary to obviate an election, namely, the income of a trust of one third of the net estate less the sum of $2,500 which is to be paid to her outright.
The objections to the issuance of letters testamentary to both persons are based upon the general allegation that they “ are incompetent to execute the duties of such trust by reason of their adverse interests and other reasons specifically stated hereinafter and that because the circumstances are such that they do not afford adequate security to all the legatees named in the will of persons interested in the estate or fund for due administration thereof. Other paragraphs of the objections contain specific allegations of alleged conflict of interest. These rather extensive allegations, covering nearly nine pages in the pleading, may be reduced to the general charge that the personal interests of the widow and those of the nominated fiduciaries are adverse. While she accuses them of having interests that are in conflict with the interests of the estate and of having divided loyalties, her allegations make it plain that in her status as trust beneficiary she regards the fiduciary as her representative rather than the representative of the decedent, and what she really charges them with is disloyalty to her and in conflict with her individual interests. Thus the second paragraph of the objections states that one of the named executors “ was the opposing attorney to me in involved litigation in which he represented the decedent during his lifetime. He is the opposing attorney to me in presently pending involved litigation in which title to the ownership of assets is involved as between me and my late husband. He was the attorney for businesses and corpora *817 tions, title and ownership of which is the subject past and pending litigation between decedent and myself. He may be a witness in discovery proceedings thereunder. His office represented the complainant in a proceeding to have me arrested on a criminal charge. He and his office have exhibited personal hostility toward me.”
None of these allegations furnish any basis for refusal to issue letters to the attorney-executor. The objectant appears to regard a trustee under the will as being under obligation to support the trust beneficiary’s individual claim to property as against the estate. The applicable rule, however, is to the contrary. Insofar as any person relies upon her status as trust beneficiary, she takes interests under the terms of the will, and the executor acts for the benefit of her and all other beneficiaries and creditors in prosecuting claims of the estate and in resisting claims against the estate, even as against her individually. The fact that an estate beneficiary has personal claims against an estate does not disqualify a trustee of her trust from acting as executor and trustee. Indeed, the attorney’s services to the decedent in this vast body of litigation put him in a position where he is better qualified to represent the estate rather than disqualified.
Section 94 of the Surrogate’s Court Act prescribed the grounds of disqualification of both executors and trustees. The Court of Appeals has said: “In New York the necessary qualifications of an executor are described with minuteness. * * * But the testator still enjoys the right to determine who is most suitable among those legally qualified to settle his affairs and execute his will, and his solemn selection is not lightly to be disregarded. * * * The courts will not undertake to make a better will nor name a better executor for the testator. They will not add disqualifications to those specified by the statute, nor disregard testator’s wishes by too liberal an interpretation of the specific disqualifications, nor consider the size and condition of the estate, except as a minor consideration.” (Matter of Leland, 219 N. Y. 387, 393-394.) What has been said concerning an executor is equally applicable to a trustee inasmuch as the same grounds of disqualification apply equally to both.
In Matter of Foss (282 App. Div. 509) it was held that a conflict of interest between the executor personally and the estate is insufficient, as a matter of law, to justify the refusal to issue letters. Mr. Justice Breitel said (pp. 511, 513): “ It has been uniformly held heretofore that the grounds for disqualification set forth in section 94 are exclusive, and that the *818 Surrogate’s power to refuse letters is limited by that statute. * * * It would be a serious matter to make any claim of conflict of interest a ground for disqualifying designated executors. Not only would it threaten to substitute the legatees’ desires and views for the views of the testator, it would also undoubtedly engender a multitude of proceedings. Few estates would be certain to be free from such attack. Many estates would be subjected to extended proof-taking to determine whether the claimed conflict in fact existed. Misconduct, not conflict in interest, merits removal of a fiduciary. ’ ’
The only allegation in the petition that is addressed to any part of the text of section 94 is the allegation that in substance charges that the circumstances are such that they do not afford adequate security to the persons interested in the estate of trust fund for the due administration thereof. However, under section 94, the text is set forth, not as a ground of disqualification, but as a basis for exacting a bond from the fiduciary even though he would not otherwise be required to give a bond. The provision has been held to refer to moral qualities rather than financial resources (Matter of Wischmann, 80 App. Div. 520, 522; Matter of Riede, 138 App. Div. 83). However, in this case the parties have stipulated that this portion of the objections is intended to refer only to facts and circumstances which are set forth in detail in the objections and is not intended to refer to either moral qualities or financial resources not otherwise adverted to in the objections.
A careful reading of the entire pleading reveals that the only charges against the executor-attorney is that, as attorney for the decedent, he acted for the benefit of his client and in hostility to objectant, and that he has asserted personal claims against the estate. None of the allegations set forth a ground sufficient to justify a refusal to issue letters to the named fiduciaries.
In respect of the personal claims, the objections allege that one of the nominated executors has a claim against the estate for moneys loaned to decedent and legal services rendered to the decedent. That is clearly no basis for disqualifying him as executor. Executors frequently have personal claims against the estate and there are specific statutory provisions covering that situation. An executor is prohibited from passing upon his own debt or claim and must establish it before the Surrogate and obtain judicial approval for its payment (Surrogate’s Ct. Act, §§ 209, 212).
*819 The objections against the other nominated executor, except insofar as they allege personal hostility, are directed more to his blood relationship to other persons against whom charges are levelled. The objections are wholly insufficient to justify a refusal to grant letters to him.
The objectant contends that, wholly aside from section 94 of the Surrogate’s Court Act, the court is authorized to remove a trustee, ‘ ‘ who for any other cause shall be deemed an unsuitable person to execute the trust ” (id., § 99, subd. 9), and she argues that facts sufficient to justify a removal must, of necessity, be also sufficient to justify a refusal to issue letters in the first instance. She contends that the facts show both nominated fiduciaries to be persons ‘1 unsuitable * * * to execute the trust. ’ ’
The quoted text of section 99 is identical with that in section 112 of the Beal Property Law. Indeed the legislative note to the enactment of new subdivision 9 in section 99 states that the purpose of the enactment was to eliminate “ all doubt that the surrogate has jurisdiction to remove a testamentary trustee on the same grounds as those set forth in section 112 of the Beal Property Law for the removal of a trustee by the Supreme Court.” (L. 1940, ch. 829, § 2, p. 2084.)
It has been held that “differences of opinion between the trustees * * * so intensive that future co-operation is improbable ”, would justify the removal of one or both of the trustees. (Matter of Angell, 268 App. Div. 338, 344.) In the cited case, one of the trustees was also a trust beneficiary. Mere friction between a trustee and a beneficiary is not sufficient-ground for removal of the trustee “ unless that friction interferes with the proper administration of the trust.” (Matter of Edwards, 274 App. Div. 244, 247-248; 1 Restatement, Trusts, § 107, Comment c.) So, too, personal hostility between the two will justify the removal of the trustee only where it impairs the proper administration of the trust fund. (Matter of Edwards, supra, p. 249; 1 Scott, Trusts [2d ed.], pp. 777-778.) In order to warrant the removal of the trustee in such situation, there should be proof of some fault on his part.
In the pending case, the hostility or animosity was born out of the relationship of the objectant and the decedent. It was transferred to his attorneys. The chief ground of objectant’s complaint is that the attorney has, is presently, and will continue to oppose her claims. These claims would reduce estate assets and increase her individual assets. The decedent himself opposed the objectant’s claims. It can hardly be a ground of *820 disqualification of his personal representative that he takes the same position as the decedent.
The objections to the issuance of letters are dismissed, and letters testamentary and letters of trusteeship may issue to those named in the will and codicil who may qualify thereunder.