Otto C. Jaeger, S.
The decedent’s widow, as income beneficiary of trusts created under articles “ fifth ” and “ sixth ” of the will, petitions for the issuance of letters of trusteeship to only one of the two trustees named in article ‘ ‘ ninth ’ ’ of the will, the Chase Manhattan Bank. The other trustee named therein is David A. Barnhard. Stefanie Lipsit Tashkovich, a remainderman, appearing pro se, joins with her mother in asking that letters issue only to the bank.
The bank takes the position that it will qualify if letters of trusteeship are issued (1) only to it, or (2) to it and a third party, other than Barnhard, but refuses to qualify if the court issues letters- of trusteeship to Barnhard.
Barnhard asks that letters of trusteeship issue (1) to him and the bank upon their duly qualifying according to law; or (2) to him alone if the bank refuses or fails to qualify within a reasonable period fixed by the court.
*290 The history of this estate has been one of hostility and lack of co-operation among the parties, producing substantial differences between the bank and Barnhard as coexecutors, resulting in litigation. In one instance the bank favored a sale by the estate to the widow of the decedent’s shares of stock in a closely held corporation operating an automobile dealership. Barnhard disagreed and insisted on liquidation of the automobile agency. The court approved a sale of such stock to the widow (Matter of Lipsit, N. Y. L. J., March 16, 1959, p. 16, col. 1). In another instance Barnhard refused to pay to the estate an indebtedness owed by him to the decedent, solely on the ground that the Statute of Limitations had run, as to which it was held that section 203 of the Surrogate’s Court Act precluded Barnhard, as an executor, from raising the Statute of Limitations as a defense to payment of just debts owed by him to the decedent, and transformed said debts into estate assets by operation of law (Matter of Lipsit, 39 Misc 2d 27). Barnhard appealed from the decision in favor of the estate. The Appellate Division affirmed on this question, and reduced the amount allowed to Barnhard for legal services (21 A D 2d 509, affd. 15 N Y 2d 588).
At the start of the trial Barnhard for the first time moved orally to dismiss the petition in this proceeding as insufficient in law in that it did not state reasons for the failure to request that letters issue to him, and did not apprise him under which of the statutory grounds provided in section 94 of the Surrogate’s Court Act it would be claimed he was incompetent to serve as trustee. He also moved, in the alternative, for an adjournment of the trial.
Both motions were denied by the court. At the close of the hearing the attorney for the petitioner moved to amend the petition to conform to the proof. Barnhard opposed that motion on the ground that he was surprised, and unprepared for trial, in that he did not know the grounds upon which he would be asked to defend his right to be a trustee. Barnhard then renewed his motion to dismiss the petition as insufficient in law. Decision was reserved on both motions.
The first question to be considered is the timeliness of Barn-hard’s oral motion under CPLR 3211 (subd. [a], par. 7) to dismiss the petition on the ground that it fails to state a cause of action. CPLR 3211 (subd. [e]) provides that such an objection or defense is not waived if not raised by a motion prior to service of the answer or in the answer, but may be raised by a motion made at any subsequent time. A leading commentator has stated this objection cannot be waived and may be asserted *291 for the first time upon the trial itself (Wachtell, New York Practice Under The CPLR [1963], pp. 166-167, 278).
Assuming arguendo that no cause of action is stated, this could be cured if the court granted the petitioner’s motion under CPLR 3025 (subd. [c]) to permit the petition to be amended to conform to the evidence. The latter motion should be granted only if the proof adduced at the trial establishes a cause of action, and may be conditioned so as to avoid surprise and prejudice to the adverse party, as by granting him a continuance to prepare to meet the new theory (Wachtell, op. cit., pp. 286-287).
The basis for Barnhard’s request for adjournment and opposition to the motion to amend the petition to conform to the evidence is surprise. In view of his conduct during the course of the administration of this estate and in this proceeding and his actions at the trial, the court places no credence in his claim of surprise. Barnhard was well aware that it would be claimed under section 94 of the Surrogate’s Court Act that he was incompetent to serve by reason of alleged dishonesty (in that it is claimed that he remained silent when a representative of the bank asked if anyone present owed moneys to the decedent, and failed to admit debts, evidenced by notes, owed by him to the decedent) and alleged improvidence as to the assets of the estate (in that he unreasonably caused unnecessary litigation in the estate, depleting its assets with additional attorneys’ fees and special guardians’ fees).
If he truly were unaware of the grounds asserted against him, he did not have to wait until the date fixed for trial, or make an oral motion to dismiss the petition. This motion could have been made in writing in advance of or subsequent to his answer, on notice to his adversaries, affording them an opportunity to ask for leave to replead (CPLR 3211, subd. [e]). Or, he could have, in advance of pleading, moved under CPLR 3024 (subd. [a]) for a more definite statement.
The petition was filed on November 3, 1965, and the citation was made returnable December 14, 1965. Barnhard’s answer was filed on November 22,1965. On the return date of the citation, the matter was adjourned to January 11, 1966, when without objection it was set down for trial on January 20,1966. Thus Barnhard had ample opportunity to move in the normal course to dismiss the petition if this course seemed necessary to prepare his defenses before trial. The court is satisfied that he was aware of the statutory grounds to be urged against him, that he was not surprised, having offered no proof to establish surprise, and that his motions at trial were dilatory. Thus there *292 was no adequate reason at that stage for an adjournment nor for a denial of the motion to amend the petition to conform to the evidence on the ground of surprise.
Insofar as the court is asked to deny letters to Barnhard on the ground of dishonesty, the court finds that (1) in August, 1958, subsequent to the decedent’s death the petitioner informed a representative of the bank that Barnhard owed money to the decedent, and that she had possession of “ the notes for it (2) a meeting thereupon was called at the office of the bank attended by the petitioner, Barnhard, representatives of the bank and others; (3) a representative of the bank asked if anyone present knew of anyone who owed moneys to the decedent; but (4) Barnhard remained silent. Barnhard now contends somewhat belatedly that he then had no duty to speak because (1) letters testamentary had not issued and the bank had no standing to ask the question, and (2) he had an affirmative defense to such claim (the Statute of Limitations). Obviously, Barnhard did not by his silence on that occasion challenge the right of his named coexecutor to inquire as to any indebtedness owing to decedent. Nor does he assert that he had forgotten or overlooked the existence of his indebtedness to the decedent. As Chief Judge Cakdozo stated in Meinhard v. Salmon (249 N. Y. 458, 464): “ Many forms of conduct permissible in a workaday world for those acting at arm’s length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an ho'nor the most sensitive, is then the standard of behavior * * the level of conduct for fiduciaries * * * will not consciously be lowered by any judgment of this court.”
Barnhard’s letter to the bank to retain separate counsel to deal with him on the question of his indebtedness to the decedent was somewhat tardy, since it was sent only after Barnhard became aware that the bank had evidence of the indebtedness.
Apart from any question of dishonesty the friction among the parties caused by Barnhard’s conduct commencing with the meeting at the bank even before letters were issued engendered a suspicion and hostility which has continued during the entire administration of the estate, rendering it improbable that the bank, and the persons interested in the trust, can any longer co-operate or work together with Barnhard or he with them. Thus, it is unnecessary to decide whether the instance of alleged dishonesty, heretofore discussed, is characteristic. The testimony at the hearing amply demonstrated that the differences of opinion are so wide and friction between the bank and the cestui que trust on one side and Barnhard on the other side, *293 caused by Barnhard, are so intense as to have resulted in an unwarranted depletion of estate assets, and that the hostility engendered would continue to interfere with the proper administration of the trust, and that the issuance of letters of trusteeship to Barnhard would be detrimental to the interest of the cestui que trust.
Where friction between the trustee and beneficiary, or between the trustee and his cotrustee, interferes with the proper administration of the trust, or if future co-operation between the trustees is improbable, or if the trustee’s continuing to act as such would be detrimental to the interests of the beneficiary, said trustee may be removed by the court (Quackenboss v. Southwick, 41 N. Y. 117; Matter of Angell, 268 App. Div. 338, affd. 294 N. Y. 923; Matter of Edwards, 274 App. Div. 244; 1 Restatement, Trusts 2d [1959], § 107, Comments a, c; 1 Scott, Trusts [2d ed., 1956], § 107).
The proof adduced at the hearing satisfies the court that a cause of action has been established and that letters of trusteeship should not be granted to Barnhard in a situation where the court would revoke letters theretofore issued. The motion to amend the petition to conform to the evidence is granted. The motion to dismiss the petition on the ground that it fails to state a cause of action is denied. The petition for the issuance of letters of trusteeship to only the Chase Manhattan Bank is granted. Letters shall issue to the bank upon its duly qualifying according to law. Barnhard’s request, made in his answer, for the issuance to him of letters of trusteeship is denied.