597 P.2d 1049 (1979)
In the Matter of the Estate of May C. MALONE, Deceased.
COLORADO NATIONAL BANK, Administrator, C.T.A. and Co-Trustee, John C. Malone, Co-Trustee, A. Manley Chase, and Jerre Malone, a/k/a Gerre Malone, Petitioners-Appellees,
v.
Frank M. CAVANAUGH, Co-Trustee, Respondent-Appellant.
No. 77-1072.
Colorado Court of Appeals, Div. II.
April 19, 1979.
Rehearing Denied May 24, 1979.
*1050 Gorsuch, Kirgis, Campbell, Walker & Grover, William C. McGehee, Robert J. Kapelke, Denver, for petitioner-appellee Colorado Nat. Bank.
William G. Berge, Denver, for petitioners-appellees John C. Malone, A. Manley Chase, and Jerre Malone.
Myles J. Dolan, Arvada, for respondent-appellant.
ENOCH, Judge.
Respondent appeals from a decision of the probate court ordering his removal as co-trustee of three separate trusts. We affirm.
Respondent was co-trustee, along with the Colorado National Bank (Bank) and John Malone, two of the petitioners, under a inter vivos trust executed by May C. Malone in 1939. Respondent and the Bank were also co-trustees of two testamentary trusts created by May C. Malone; and the Bank was Administrator C.T.A. of the Estate of May C. Malone, who died in 1969. The petitioners represent all of the beneficial interests of the two testamentary trusts and a majority of the beneficial interests of the inter vivos trust.
In December 1976 petitioners filed a petition for removal of respondent as co-trustee, alleging the existence of irreconcilable conflict, hostility, and acrimony creating an impasse that interfered with the proper administration of the trusts to the detriment of the best interests of the beneficiaries. The court found that the evidence supported the allegations and ordered respondent's removal.
Respondent argues that the court erred in removing him as co-trustee without first considering the strength of his position in the underlying dispute. We disagree.
Removal of a trustee or co-trustee may be effected by the probate court in the exercise of its sound discretion. See In re Estate of Jefferson, 140 Colo. 347, 344 P.2d 179 (1959). Proper grounds for removal include the existence of hostility and friction between the trustee and the beneficiaries, or between the trustee and his co-trustees, causing interference with the proper administration of the trust. See Petition of Statter, 108 R.I. 326, 275 A.2d 272 (1971); 2 A. Scott, Trusts § 107.1 (3d ed. 1967); 1 Restatement (Second) of Trusts § 107, Comments a & c (1959). Also, where ill-feeling between the trustee and the beneficiaries or between the trustee and his co-trustees reaches such a level that future cooperation and proper administration become improbable, the trustee may be removed even if misconduct is not proven. May v. May, 167 U.S. 310, 17 S.Ct. 824, 42 L.Ed. 179 (1897). The court's paramount regard must be for the interest of the trust and the rights of the beneficiaries. See In re Application under Will of Lipsit, 50 Misc.2d 289, 269 N.Y.S.2d 989 (1966). See also In re Estate of Nassar, 467 Pa. 325, 356 A.2d 773 (1976). Thus, in considering the proper criteria for removal of a trustee, the court is only concerned with the level of hostility and its results, and not with the merits of the underlying dispute.
*1051 Here, there was ample evidence to support the finding of hostility and a resulting impairment of the proper administration of the trust. Since 1971 respondent had been representing the Bank, as administrator of the Malone estate, in an estate tax proceeding in the United States Tax Court. Under the terms of the agreement between respondent and the Bank as administrator, respondent was to receive as compensation 25% of the total tax savings, including interest, if the litigation were successful. The Bank insisted at all times that it be kept informed of the proceedings in order to help plan strategy in the matters and to evaluate the legal position. On January 26, 1976, the tax court rendered a "disastrous" judgment against the estate.
The evidence shows, and the probate court found, that after the tax court decision, respondent attempted to salvage some of his lost fees by insisting on a revised fee proposal. At a meeting of the trustees on February 24, 1976, he indicated that unless the trustees agreed to a new fee proposal, he would not file motions necessary to preserve the appeal. Despite these threats, petitioners refused to agree. The testimony revealed that respondent then engaged in what the court characterized as "a campaign calculated to secure for himself employment on the appeal of the case, but which conduct in fact only served to alienate him from the administrator, from the other co-trustees, and from the beneficiaries of the trusts." The "campaign" consisted of incessant harassing telephone calls and insulting language from respondent directed at petitioners. Meanwhile, respondent, without consulting with or informing the Bank, filed a post-trial motion in the tax court and filed a protest in the probate court to the Colorado inheritance tax assessment on the May C. Malone estate.
On May 19, 1976, the Bank informed respondent that he was being terminated as attorney for the Bank as administrator, and in October 1976 the Bank entered into a settlement of the inheritance tax matter. Respondent, in his capacity as co-trustee, resisted the settlement by filing a motion for temporary restraining order and declaratory judgment against the Colorado Department of Revenue and the Bank. In addition, respondent, again in his capacity as co-trustee, and without consulting the Bank or other co-trustees, filed a docketing statement in the Tenth Circuit Court of Appeals from the tax court decision. The probate court found that the estate, in attempting to bar respondent's participation in the tax appeal and in the probate court, incurred substantial expenses. The court further concluded that as a result of respondent's activities, there was a complete breakdown in communication and cooperation between respondent and the co-trustees and between respondent and the beneficiaries.
Thus the evidence supports the court's finding that the best interests of the trusts would be served by the removal of respondent as co-trustee, and accordingly, we find no abuse of discretion. Although the actions of the Bank may have aggravated the strained relations, the evidence shows that respondent's actions led to the hostility and impasse among the co-trustees, and that his removal was likely to facilitate the administration of the trusts. Finally, contrary to respondent's argument, the absence of one beneficiary under the facts of this case would not affect the court's determination of the best interests of the trust.
We have considered respondent's other allegations of error and find them to be without merit.
Judgment affirmed.
BERMAN and VanCISE, JJ., concur.