In re Intervivos Trust of May
C. MALONE.

Francetta Bostwick ARMOUR,
Petitioner,

v.

COLORADO NATIONAL BANK and John
C. Malone, Co-Trustees of said Trust,
and Alpha Manley Chase, Respondent
and Third-Party Petitioners-Appellees.

and

Alpha Manley CHASE, Respondent and
Third-Party Petitioner,

v.

Frank M. CAVANAUGH, Third-Party
Respondent-Appellant.

No. 81CA0679.

Colorado Court of Appeals,
Div. I.

Dec. 23, 1982.

Gorsuch, Kirgis, Campbell, Walker & Grover, William C. McGehee, Robert J. Kapelke, Denver, for respondent and third-party petitioner-appellee Colorado Nat. Bank.

William G. Berge, Denver, for respondents and third-party petitioners-appellees John C. Malone and Alpha Manley Chase.

Frank M. Cavanaugh, Denver, pro se.

STERNBERG, Judge.

This is an appeal from a final judgment of the probate court entered in connection with administration of the May C. Malone Trust and Estate. The petitioner-beneficiary's appeal of the accounting was dismissed by stipulation. The issues in this appeal arise out of a third-party complaint and counterclaim which were both dismissed. The third-party respondent appeals and we affirm.

Appellant, Frank M. Cavanaugh, was attorney and co-trustee for the May C. Malone Trust. Cavanaugh was retained by the Colorado National Bank (CNB) on a contingent fee basis for litigation over an inheritance tax assessment. The litigation was unsuccessful, and a dispute over whether to appeal arose between Cavanaugh and appellees, CNB, John C. Malone, and Alpha Manley Chase, who were personal representatives for the estate and co-trustees. During this dispute, relations between the co-trustees deteriorated to the point that Cavanaugh was removed as attorney for CNB. Nevertheless, he continued in his efforts to participate in the tax litigation, which eventually led to a petition to remove him as co-trustee. The probate court granted the petition, and the order was affirmed by this court on appeal. *In Re Estate of Malone*, 42 Colo.App. 353, 597 P.2d 1049 (1979).

A petition was filed thereafter by a beneficiary under the trust for a determination of rights and for an accounting. CNB, as respondent in that action, filed a third-party petition for a determination that Cavanaugh was responsible for any liability that CNB sustained. Cavanaugh's counterclaim, at issue here, asserted a right to attorney's fees in connection with the tax litigation, and asserted multiple claims for tortious interference with his contractual rights to attorney's fees and employment as attorney. His request for a jury trial on the issues was denied.

The probate court dismissed the petition against Cavanaugh because the alleged basis for indemnification arose subsequent to his termination as co-trustee. It dismissed Cavanaugh's counterclaim for attorney's fees upon finding that his fee contract was only for services in the tax court litigation and that the tax saving was incurred through a settlement in which he did not participate. The probate court found that no other agreement between the parties regarding fees was reached and that Cavanaugh's termination was reasonable based upon the evidence and findings in the prior removal proceedings.

■ Cavanaugh raises numerous grounds for appeal, including allegations of error in the probate court's rulings regarding the accounting and determination of rights of the petitioner. But, because he does not represent the beneficiaries or the trust, and has no personal interest in the outcome, we do not address those issues. He also asserts error in the probate court's denial of his motion for default judgment, in its determination that he was not entitled to a jury trial, and in denying his motion for mistrial based on an alleged conflict of interest on the part of his counsel. These latter three issues are properly before us, but we find no merit in his arguments.

■ Cavanaugh's first contention is based on the court's decision to grant CNB an extension of time to answer his amended counterclaim. When CNB failed to respond within 20 days Cavanaugh filed a motion for default judgment. At hearing on the motion, the court acknowledged there was confusion over whether it had granted CNB twenty or thirty days in which to respond. Finding no lack of diligence and justifiable cause for failure to respond, the court denied Cavanaugh's motion.

It is axiomatic that the conduct of a trial is fully within the discretion of the trial court, and its action in this respect will not be overturned unless it is manifest that its discretion has been abused. *Hill v. Colorado National Bank*, 2 Colo.App. 324, 30 P. 489

(1892). Furthermore, in recognition of the serious and drastic result of a default judgment and the potential for loss of time and great expense, it should not be lightly granted. *Civil Service Commission v. Doyle,* 162 Colo. 1, 424 P.2d 368 (1967). We find no abuse of discretion by the probate court and therefore affirm its ruling.

Here, the availability of a jury trial is governed by statute and rule. *Gleason v. Guzman,* 623 P.2d 378 (Colo.1981). The Colorado Probate Code provides for a jury trial in formal testacy proceedings and in any proceeding in which any party has a constitutional right to trial by jury. Section 15–10–306, C.R.S.1973. C.R.C.P. 38(a) states that an issue of fact may be tried to a jury in actions for money due on contract or as damages for breach of contract.

C.R.C.P. 38(a) has been construed to grant the right to trial by jury only in actions at law as determined by the original complaint. *Setchell v. Dellacroce,* 169 Colo. 212, 454 P.2d 804 (1969); *Miller v. Carnation Co.,* 33 Colo.App. 62, 516 P.2d 661 (1973). And, where the complaint states an action in equity, a counterclaim raising a legal issue does not change the basic nature of the suit. *Miller v. District Court,* 154 Colo. 125, 388 P.2d 763 (1964).

Here, because the original petition and the third-party complaint stated actions sounding in equity, it was proper to deny Cavanaugh's jury demand. *Kaitz v. District Court,* 650 P.2d 553 (1982). Cavanaugh's reliance on *Simpson v. Digiallonardo,* 29 Colo.App. 556, 488 P.2d 208 (1971) is misplaced. In that case the original complaint stated an action for damages to personal property, and we ruled that the third-party defendant was entitled to a jury trial upon timely demand. But, in that case the original complaint was within C.R.C.P. 38(a). Here, Cavanaugh's complaint was ancillary to the main action, which was an action in equity, and the request for trial to a jury was properly denied.

Finally, we find no error in the court's denial of a mistrial on the basis of an alleged conflict of interest on the part of Cavanaugh's attorney. It was disclosed after the proceedings that Cavanaugh's attorney was simultaneously representing another attorney involved in the proceeding for accounting on a disciplinary matter. Cavanaugh asserted that he was not adequately represented as a result of the conflict of interest and rested his argument chiefly on his attorney's failure to call two witnesses on his behalf. The court found that that decision was a matter of trial strategy, and finding no relationship between the two proceedings, it found no indication that Cavanaugh's attorney's handling of his case was affected by the other matter. Since there is ample support in the record for the probate court's findings and conclusion, we may not disturb it. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Judgment affirmed.

COYTE and BERMAN, JJ., concur.