OPINION OF THE COURT
John B. Riordan, J.
This is a proceeding pursuant to SCPA 711 to revoke letters of trusteeship. The decedent Cynthia Bitter died on January 21, 2002. She was survived by two children, Robin Goldberg and J. Jason Bitter. The decedent’s last will and testament dated July *1033 16, 1996 was admitted to probate by this court and the decedent’s daughter, Robin Goldberg, was appointed executor. Pursuant to the terms of the decedent’s will, the residuary was divided into two equal parts with one half going outright to her daughter and one half in trust for her son. In accordance with the terms of the trust, the trustee is to pay all of the net income to J. Jason Bitter and his issue and may pay all of the principal to provide for the maintenance, support and health of a class consisting of J. Jason Bitter and his issue. J. Jason Bitter has two children.
Article seventh of the will sets forth the following:
“I hereby nominate, constitute and appoint my daughter-in-law, Eileen B. Bitter, as Trustee of the trust created for my son, J. Jason Bitter, and his issue ... so long as she is married to my son and living with him as husband and wife. In the event that my daughter-in-law, Eileen B. Bitter, predeceases me or for any reason cannot or fails to act as Trustee, or in the event that she is no longer married to my son and living with him as husband and wife, then in that event, I hereby nominate, constitute and appoint my daughter, Robin Goldberg, as substitute Trustee” (Letters of trusteeship issued to Eileen Bitter on April 18, 2002 [emphasis added]).
J. Jason Bitter has now petitioned to revoke the letters of trusteeship issued to Eileen Bitter pursuant to SCPA 711 (1), (5), (8) and (10). It is uncontroverted that J. Jason Bitter commenced a proceeding to divorce Eileen Bitter and that they are no longer living together. As such, the petitioner alleges that, pursuant to SCPA 711 (5), Eileen Bitter’s letters should be revoked. The petitioner further alleges that Eileen Bitter took property which belonged to the two of them, denied him access to the funds and that she is improvidently paying principal from the trust. Eileen Bitter opposes the application.
The removal of a fiduciary lies within the sound discretion of the Surrogate (SCPA 713; Stolz v New York Cent. R.R. Co., 7 NY2d 269 [1959]; Matter of Hall, 275 AD2d 979 [2000]). The present application to revoke the letters of trusteeship falls squarely within subdivision (5) of SCPA 711 which provides that letters may be revoked “[w]here by the terms of a will, deed or order, his office was to cease upon a contingency which has happened.” The substance of SCPA 711 (5) has been the law of the State of New York since 1880 (Code Civ Pro § 2685 [7] [L 1880, ch 178]; § 2569 [5] [L 1914, ch 443]; Surr Ct Act *1034 § 99 [5] [L 1920, ch 928]) and the language of this subdivision has not changed since 1914. Although the law has been in existence for over 125 years, there is not one reported decision which cites this subdivision as grounds for revocation of letters. The only commentaries on this provision simply provide: “Under this we need merely remark that the Surrogate will require proof that such contingency has happened” (Jessup, The Law and Practice in the Surrogates’ Courts in the State of New York, 1Í 630, at 775 [1916]). The language of SCPA 711 (5), however, is clear and unambiguous and as such “resort may not be had to other means of interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76). In the instant proceeding, the decedent’s will clearly provides that Eileen Bitter’s status as trustee is limited by the following contingency: “[I]n the event that she [Eileen B. Bitter] is no longer married to my son and living with him as husband and wife, then in that event, I hereby nominate, constitute and appoint my daughter, Robin Goldberg, as substitute Trustee.” As the contingency has occurred, the letters of trusteeship issued to Eileen B. Bitter are revoked and substitute letters shall issue to Robin Goldberg, upon her duly qualifying.
The court further notes that pursuant to SCPA 711 (10) letters issued to a testamentary trustee may be revoked where the trustee “is for any other cause deemed an unsuitable person to execute the trust.” “Where friction between the trustee and [the] beneficiary . . . interferes with the proper administration of the trust ... or if the trustee’s continuing to act as such would be detrimental to the interests of the beneficiary, [such] trustee may be removed by the court” (Matter of Lipsit, 50 Misc 2d 289, 293; see also Matter of Hall, 275 AD2d 979 [2000]). Here, the beneficiary of the trust is J. Jason Bitter and his issue. The trustee has the unfettered discretion to distribute principal to J. Jason Bitter and his issue. J. Jason Bitter and the trustee are involved in a divorce proceeding that is not amicable. This is clearly a situation which would deem a trustee an unsuitable person to execute the trust and is clearly what the decedent intended to avoid when she appointed her daughter-in-law as trustee.
For all of the reasons set forth herein, the application is granted and the letters of trusteeship issued to Eileen B. Bitter are revoked.