## BERGHANE v. RADIO CORPORATION OF AMERICA.

### Civil Action No. 260.

District Court, D. Delaware.

March 12, 1947.

See also 4 F.R.D. 446.

William H. Parmelee (of Christy, Parmelee & Strickland), of Pittsburgh, Pa., and Howard Duane, of Wilmington, Del., for plaintiff.

John B. Cuningham and Stephen H. Philbin (of Fish, Richardson & Neave), both of New York City, and Clarence A. Southerland and Vincent A. Theisen (of Southerland, Berl & Potter), both of Wilmington, Del., for defendant.

LEAHY, District Judge.

### Findings of Fact

(Upon the separate trial of the issues as to plaintiff's title to the patents in suit and her right to maintain the above cause.)

1. Plaintiff, Lillian McCullough Berghane, has filed suit charging infringement of twelve patents, as follows: Nos. 1,549,-591, 1,615,022, 1,615,093, 1,677,900, 1,759,910, 1,787,082, 1,791,140, 1,806,109, 1,819,783, 1,937,706, 1,991,767, and 2,093,567, all of which were issued on inventions of her father, Frederick S. McCullough.

2. Frederick S. McCullough is dead (R. p. 11) and his wife died in 1936 (R. p. 11). Plaintiff has one sister, Ruth McCullough Williamson, and one brother, Frederick

Bertram McCullough, and had no other brothers or sisters (R. pp. 11 and 12). All three children, Lillian, Ruth and Bertram, are more than 25 years of age (R. p. 12). Bertram, the youngest, was born May 13, 1919, and was over 21 years of age May 20, 1942, and was 25 years old May 13, 1944.

3. Patent 2,093,567 was issued to Union National Bank of Pittsburgh as executor of Frederick S. McCullough. Patents 1,991,767 and 1,937,706 were issued to Union National Bank of Pittsburgh as assignee, herein called "the Bank." The remaining patents all issued to Frederick S. McCullough.

4. All of the patents in suit except 2,093,567 issued to the Bank as executor, were assigned to Bank under a trust agreement created by McCullough PX. 2 dated July 15, 1929, which provided (in view of the intervening death of Mrs. McCullough) that each of the three children should have a one-third interest in the proceeds of the patents in suit (and others) and one-third of the principal upon reaching the age of 25. The trust agreement provided inter alia that the trustee "shall not be required or obliged to enter into or maintain any litigation with respect to any of the assets" (see PX. 2, p. 10) and gave the trustee unlimited authority to sell or assign any of the trust property or do any "act, matter or thing deemed necessary or proper" for the "conservation and protection" of the trust property.

5. On May 20, 1942, the Bank executed an assignment (PX. 9) to Lillian McCullough Berghane of the entire right, title and interest in the patents here in suit with the right to sue for and recover damages for past infringement. It assigned patent 2,093,567 in the capacity of executor and the others in its capacity as trustee.

6. The assignment (PX. 9) was conditioned upon an agreement of the same date (PX. 10) between the Bank, plaintiff Lillian, and also Ruth and Bertram, wherein Lillian undertook to bring suit, the parties agreed to use funds in the trust to finance the suit, and the parties agreed to hold the Bank harmless from any attorney's fees or costs of such suit. The parties agreed that the will of the majority would determine the course of the suit and any settlement and any monies recovered were to be paid to the Bank for distribution according to the trust agreement established by McCullough.

7. By the assignment (PX. 9), plaintiff became the owner of the record title to all of the patents in suit subject to the conditions of the agreement (PX. 10).

8. Lillian and Ruth were both over 25 when the assignment (PX. 9) was made and the agreement (PX. 10) was made and Bertram was over 21. On February 26, 1945, Frederick Bertram McCullough (sometimes called "Bert" or "Bertram" in the record), being then in the service of the United States Navy and anticipating assignment to the Pacific area of war, executed a Power of Attorney to Lillian, the plaintiff, ratifying all acts and things done under the trust and with reference to this suit and the assignment of the twelve patents and authorizing her to act in his stead (PX. 12). Bertram was then more than 25 years old, having reached that age May 20, 1944. By the procedure adopted, the Bank was relieved of becoming involved in costs and expenses of litigation, the interest of all of the parties was concentrated in Lillian, and aside from her own interest as a beneficiary under the trust, she was in fact a trustee for the Bank and Ruth and Bertram.

9. The interests of the Kellogg Switchboard and Supply Company by virtue of an exclusive license agreement between McCullough and said company have been terminated (R. p. 17).

10. Federal Telephone and Telegraph Company specifically excluded from its agreement with McCullough any right other than a now non-exclusive license under patent 1,937,706, which patent was issued from an application Serial No. 269,440. Paragraph 14 of the agreement of November 26, 1928 (PX. 11), grants an exclusive license for five years and a non-exclusive license thereafter under the applications listed in Schedule B. Schedule B includes Serial No. 269,440. Defendant's assertion is without foundation that application Serial No. 269,440 was included by error, and McCullough may well have made the in-

vention *before* he was employed by Federal although he filed later, a cogent reason why it was specifically listed in Schedule B. There can be no presumption that an application specifically listed in an express schedule was included by error, and especially defendant as an infringer cannot raise this point.

### Conclusions of Law.

1. Plaintiff is the record owner of the right, title and interest in the twelve patents. R.S. 4919, 35 U.S.C.A. § 67, provides that action may be brought "in the name of the party interested, either as patentee, *assignee*,[1] or grantee." See also § 4898—35 U.S.C.A. § 47, Par. 2.

2. Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, *trustee* under an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; * * *" Plaintiff is a trustee under an express trust (PX. 10 and 11) or a party with whom a contract has been made; or is authorized by statute (assignee), and hence may sue without joining the others.

3. Rule 9 of the Rules of Civil Procedure provides: "(a) *Capacity*.[1] It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity * * *." Under this rule it is unnecessary for Lillian to state that she is plaintiff "for the use of" or "benefit of" the others, although plaintiff has no objection to so amending the complaint. Lillian McCullough Berghane may sue as the record owner without reference to or joining others having a beneficial interest. She has an interest in her own right, so in no event could this cause be dismissed.

4. The Bank acted within its powers to protect the trust property (PX. 2) to bring about an arrangement whereby suit for infringement could be brought without involving the Bank in a situation where it might have a liability and no benefit. The Bank did not delegate any of its discretionary powers or duties by virtue of the assignment. By executing the assignment, the Bank, as trustee, merely exercised proper trustee rights and functions. Defendant may not collaterally attack proceedings which affect only beneficiaries. Bertram, or by his power of attorney (PX. 12), has ratified all acts and things theretofore done. He alone is the one who could have raised the question of the Bank's assignment.

5. On May 20, 1942, Frederick Bertram McCullough had a vested equitable interest in the first eleven patents in suit, and not a contingent interest. The only persons who on May 20, 1942, were presumptively entitled to his interest, had he died before reaching the age of 25 years, were Lillian and Ruth, each of whom consented to the assignment to Lillian-plaintiff.

6. Federal Telephone and Telegraph Company has only a non-exclusive license and could not be a necessary or proper party. Defendant, sued for infringement, may not raise the question of title as between Federal and McCullough. Dubilier Condenser Corporation v. Radio Corporation, D.C., 34 F.2d 450, 463. Plaintiff is the only necessary party. Wesson v. Galef, D.C., 286 F. 621, 623. This court must recognize the holder of the legal title until superior equities are asserted and proved. Hazeltine Corporation v. Electric Service Engineering Corporation, D.C., 18 F.2d 662, 668.

7. As to the eleven patents in the trust and the one patent in the estate, plaintiff has established legal title as assignee. She is the only necessary plaintiff. She is not required to set forth the capacity in which she brings suit.

8. An appropriate order may be submitted that plaintiff has prevailed on the issue of title and capacity to maintain the action.

---

[1] Emphasis added.