**John PARKER, Plaintiff-Appellant,**

v.

**Ray GRAVES, Defendant-Appellee.**

**No. 72-2265.**

United States Court of Appeals,
Fifth Circuit.

June 13, 1973.

John Parker, pro se.

W. C. O'Neal, Gainesville, Fla., for defendant-appellee.

Before GOLDBERG, AINSWORTH and INGRAHAM, Circuit Judges.

---

PER CURIAM:

John Parker, a second-year law student, was employed by the University of Florida Athletic Association as a dormitory advisor, assistant track coach and meal checker at the athletic training table. He was discharged from his duties and sought relief by bringing a civil rights action against Ray Graves, the athletic director of the University. From an adverse decision in the trial court, D.C., 340 F.Supp. 586, Parker timely pursued the present appeal.

At the outset we are confronted with the determination of whether or not a motion to dismiss the complaint for failure to state a claim for which relief could be granted and for a lack of subject matter jurisdiction should have been granted.

The caption of the complaint names the defendant in his individual capacity without reference to his official capacity as an agent of the State University system. An action under 42 U.S.C. § 1983 does not lie as against a private person in his individual capacity. It is only where the person acts to deprive another of his federal rights under color of state law that § 1983 provides authority for a federal claim. An action against a state official is not authorized by § 1983 where the official has acted in a purely private individual capacity.

A person's capacity need not be pled except to the extent required to show the jurisdiction of the court. Fed.R.Civ.P. 9(a). Failure to allege the official capacity in the caption is merely a formal error and not a fatal defect. 5 Wright and Miller, Federal Practice and Procedure, § 1321 (1969). The allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action.

In his pro se complaint, Parker alleged that his dismissal was premised on constitutionally impermissible reasons and was procured by the defendant acting under color of state law in his official capacity as the University's athletic director. The allegations taken as a whole bring the case within the authorization of 42 U.S.C. § 1983, and therefore the motion to dismiss was properly denied.[1]

The district court entered findings to the effect that the plaintiff was discharged for being remiss in his assigned duties and ineffective as an employee. The findings are based on conflicting evidence and we have determined that they are not clearly erroneous.

The judgment of the district court is affirmed.

---

1. The trial court did strike two allegations of causes of action.