**COLORADO SPRINGS CABLEVISION, INC., a corporation, Plaintiff,**

v.

**W.A. LIVELY, Defendant.**

**Civ. A. No. 83–K–1356.**

United States District Court, D. Colorado.

Feb. 3, 1984.

Robert M. Bramson, Oakland, Cal., Farrow, Schildhause, Wilson & Rains, Sacramento, Cal., Steven J. Barr, Colorado Springs, Colo., for plaintiff.

Lois G. Witte, Law Offices of James G. Felt, Colorado Springs, Colo., for defendant.

## ORDER DENYING MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

KANE, District Judge.

Plaintiff, Colorado Springs Cablevision, Inc. (Cablevision), brought an action against Walter A. Lively in July 1983, claiming violation of the antitrust laws, unfair competition, violation of plaintiff's right to freedom of speech, and tortious interference with contractual relations and prospective business advantage.

Before and during, July 1983, Cablevision provided cable television service to residents of Parkmoor Village Apartments (Parkmoor). Parkmoor is apparently an apartment complex located in El Paso County, Colorado. The owner of Parkmoor is the Lively Family Trust. The trustees of the Lively Family Trust are Walter A. Lively and Jeanne E. Lively. In July 1983, Parkmoor decided to provide its own cable services and to replace Cablevision as of August 1, 1983. Parkmoor also indicated that Cablevision should not remove any equipment from the apartment complex. This suit followed.

The defendant, Walter Lively, has moved to dismiss this action, on the grounds that it fails to state a claim upon which relief can be granted and that it fails to join a necessary and indispensable party, namely the Lively Family Trust. He also argues that even if he is properly before the court in his capacity as trustee, the complaint is defective because it names him only as an individual. Lively has also moved for an order requiring Cablevision to file a more definite statement.

### I. MOTION TO DISMISS

■ The main thrust of Lively's motion to dismiss centers upon the proposition that the trust, and not the trustee, should have been named as the defendant. Therefore I must decide whether a trust is an entity which can be sued. Fed.R.Civ.P. 17(b) directs me to look to Colorado law to determine whether the trust had the capacity to be sued in Colorado. Neither party has

cited, nor have I found a Colorado case which directly addresses this issue.[1] However, this court has ruled that a trust is not a legal entity and therefore does not have the capacity to sue. *Carpenters & Millwrights Health Ben. Trust Fund v. Domestic Insulation Co.*, 387 F.Supp. 144, 147 (D.Colo.1975). Authority and reason indicate that it cannot be sued either.[2]

Other jurisdictions uphold the view that a trust cannot be sued because it is not a person in the eyes of the law. In *Coverdell v. Mid-South Farm Equipment Ass'n, Inc.*, 335 F.2d 9 (6th Cir.1964), an insurance agent sued the Equipment Association and its insurance trust for breach of contract. After judgment was rendered for the plaintiffs, the defendants appealed to the Sixth Circuit. The defendants argued that a trust is not an entity which can be sued. The court agreed, finding that "the trustees would have been the proper parties defendant ... rather than the trust." 335 F.2d at 13. *Accord Limouze v. M.M. & P. Maritime Advancement, Training, Education and Safety Program*, 397 F.Supp. 784 (D.Md.1975) (breach of contract action against a trust; trust was not a business trust under New York law; therefore it could not be sued); *Yonce v. Miners Memorial Hospital Ass'n, Inc.*, 161 F.Supp. 178, 188 (W.D.Va.1958) (Sherman Act claim against a trust; trust's motion to dismiss

was granted on the grounds that a trust cannot be sued directly for the torts alleged to have been committed by it or its trustees); *In re National Student Marketing Ass'n*, 413 F.Supp. 1159 (D.D.C.1976) (same result was reached in an action against a trust for securities fraud). *See also White v. Lundeberg Maryland Seamanship School, Inc.*, 57 F.R.D. 128 (D.Md.1972) (personal injury suit against a trust; judge recognized the general rule that a trust cannot be sued, but denied the motion to dismiss on the grounds that it would be inequitable to allow a trust that conducted business "to hide behind (a) technical defense." *Id.* at 130).[3]

 This authority is persuasive. A trust is merely the description of a relationship between the legal and equitable owners of property. As was stated long ago, "A trust is ... a duty deemed in equity to rest on the conscience of a legal owner." H. Smith, *Equity* 23 (2d ed. 1882). As such, the trust itself cannot own anything. *See* Hart, *What is a Trust?*, 15 Law Q.Rev. 294 (1899); G. Bogert, *Handbook of the Law of Trusts* 1 (1973). Thus Walter Lively as the trustee of the Lively Family Trust is the properly named defendant in this lawsuit. As a logical corollary, the Lively Family Trust is not an indispensable party.

1. *Wise v. Toner*, 65 Colo. 420, 176 P. 838 (1918) indicates that suit against a trustee is a proper means of initiating an action for the recovery of property. That was an action brought against a trustee of certain lands to quiet title to those lands. After an unfavorable judgment, the trustee brought an appeal, arguing that only the holders of the beneficial interest, and not the trustee, should have been joined as parties. The Supreme Court of Colorado disagreed, holding that a trustee is a proper party in this kind of action. But the court did not refer to the propriety of naming the trust itself as a defendant. *See also Powers v. Ashton*, 45 Cal.App.3d 783, 789, 119 Cal.Rptr. 729 (1975) (express trust is not an entity separate from its trustees so an action cannot be maintained in the name of the trust).

2. The Colorado Legislature has enacted a statute enabling claims against a trust estate to proceed by bringing suit against the trustee:
 Claims based on contracts entered into by a trustee in his fiduciary capacity, on obliga-

 tions arising from ownership or control of the trust estate, or on torts committed in the course of trust administration, may be asserted against the trust estate by proceeding against the trustee in his fiduciary capacity, whether or not the trustee is personally liable therefor.
 Colo.Rev.Stat. 15–16–306(3). This provision does not expressly deny a trust's capacity to be sued. Nor does it necessarily pertain to suits by strangers to a trust. But insofar as it authorizes suit against a trustee, it is not exactly consonant with Lively's argument.

3. A trust can be recategorized as an unincorporated association or a corporation. *See, e.g., Mullendore Trust Company v. United States*, 271 F.2d 748 (10th Cir.1959). Lively, however, does not make this argument. He instead argued that the trust is the proper defendant because it owns Parkmoor.

■ Lively also seeks dismissal because he was sued in his individual capacity and not as a trustee. According to Fed.R. Civ.P. 9(a)[4] it is unnecessary to plead the capacity in which a party is participating in an action. *See Parker v. Graves,* 479 F.2d 335 (5th Cir.1973); *Berghane v. Radio Corp. of America,* 6 F.R.D. 561 (D.C.Del. 1947) (plaintiff in action for patent infringement need not allege that she was the plaintiff "for the use of" or "benefit of" others). The rationale behind this rule is that the nature of the plaintiff's cause of action can be determined from the body of the complaint. Therefore, there is no need for a formal allegation of capacity. *Parker v. Graves,* 479 F.2d 335 (5th Cir.1973); Fed.Proc., *Lawyers Edition* ¶ 62:119 (1981); 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1292 (1969).[5]

■ Cablevision does not refer to the existence of a trust in its complaint. But it is apparent that the complaint, taken as a whole, is directed against Lively as the owner of Parkmoor. See Complaint at Paragraph 10 and Exhibit A. As the complaint sufficiently describes the capacity in which Lively is being sued, Rule 9(a) makes more specific allegations unnecessary.[6]

4. Fed.R.Civ.P. 9(a) provides in relevant part:
 It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity ... except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existance of any party or the capacity of any party to sue or be sued or the authority of any party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

5. There is one early case that holds to the contrary. In *Spanner v. Brandt,* 1 F.R.D. 555 (D.C. N.Y.1941) a complaint was dismissed with leave to amend when the body of the complaint alleged that the individual defendant was being sued as a representative, but the title of the action failed to indicate the representative capacity. This case has been criticized by the commentators, 5 C. Wright & A. Miller, *Federal*

## II. MOTION FOR A MORE DEFINITE STATEMENT

■ Lively has also moved for a more definite statement because he cannot ascertain from plaintiff's complaint whether he is being sued as an individual or as the owner of Parkmoor. Cablevision's retort is that Lively can prepare alternative responses, one as an individual and one as a trustee. I agree with Cablevision.

■ A motion for a more definite statement should only be granted when the pleading is so vague or ambiguous that a party cannot reasonably be required to frame an answer. 2A Moore's *Federal Practice* ¶ 12.18 (1983). In determining the movant's ability to prepare a responsive pleading, one of the factors to consider is the prejudice that might result by attempting to answer the pleading in its present form. 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1377 (1969). There have been reported cases in which the ambiguity surrounding the identity of the defendants has been such as to require a more definite statement. Thus in *Doyle v. Bresler's 33 Flavors, Inc.,* 15 F.R.Serv.2d 1191 (N.D.Ill.1972), an antitrust action against various defendants, the plaintiffs were required to set forth with more specificity which defendants were referred to in each allegation. Likewise, in

*Practice and Procedure: Civil* § 1292 (1969), and seems inconsistent with the spirit of the federal rules.

6. Even if Lively was being sued solely in his individual capacity, the complaint should not be dismissed. It is a generally accepted rule that a trustee may be personally liable to third parties for obligations incurred during the administration of a trust. These obligations may arise out of torts committed by the trustee, *see, e.g., Restatement (Second) of Trusts* § 264 (1959); 3 A. Scott, *The Law of Trusts,* § 264 (3d ed. 1967), or as a result of owning property held in trust, *see, e.g., Gibbons v. Pan American Petroleum Corp.,* 262 F.2d 852 (10th Cir.1958); 3 A. Scott, *The Law of Trusts* § 265.3 (3d ed. 1967). According to the complaint Lively's acts fall within one or other of these categories. Admittedly, in Colorado a trustee will only be personally liable if he is "personally at fault." C.R.S. 15–16–306(2). Even if this provision were applicable, dismissal of the action at this stage would be inappropriate, for fault is a factual issue.

*Van Dyke Ford, Inc. v. Ford Motor Co.,* 399 F.Supp. 277 (E.D.Wis.1975), the plaintiffs were required to specify whom they meant when they referred to "plaintiff" and "defendant." In both these cases it was not clear to whom the plaintiff intended to ascribe ultimate liability. The potential prejudicial effect of such ambiguity is obvious. In this case, by contrast, it is clear that Cablevision seeks to impose ultimate liability upon Lively. It is only the capacity in which this liability should be imposed that is in doubt. I therefore do not discern any prejudice to Lively in requiring him to answer the complaint both in his capacity as trustee and individually.[7]

Policy also suggests that Cablevision should not be required to elect to sue Lively solely in one capacity. Before discovery, it may be difficult for Cablevision to determine the exact nature of Lively's responsibility for acts taken by Parkmoor.

Therefore it is ORDERED that:

Defendant's motion to dismiss is denied, and defendant's motion for a more definite statement is denied. Defendant shall answer the complaint within ten (10) days.

---

**7.** Fed.R.Civ.P. 9(a) renders it unnecessary to plead capacity. If I were to grant this motion, I

would be undermining the spirit, if not the letter of this Rule.