CASTLEGLEN, INC., a California corporation, Plaintiff,

v.

COMMONWEALTH SAVINGS ASSOCI-ATION, a Texas savings and loan association; Klein Financial Corporation, a California corporation; Robert N. Klein II, an individual, Santa Fe Apartments, Ltd., a Utah limited partnership; Busch Management Company, a Utah corporation; and Neal B. Christensen, an individual, Defendants.

Civ. No. C–87–829W.

United States District Court,
D. Utah, C.D.

Jan. 27, 1988.

Earl M. Benjamin, Steven J. Renshaw, Los Angeles, Cal., David B. Erickson, Salt Lake City, Utah, for Castleglen, Inc.

Gary F. Bendinger, Richard W. Casey, Salt Lake City, Utah, for Klein Financial Corp. and Robert N. Klein II.

Michael R. Carlston, Stanley K. Stoll, Salt Lake City, Utah, for Santa Fe Apartments Ltd. and Busch Management Co.

Stephen G. Crockett, Patricia W. Christensen, Ronald G. Russell, Salt Lake City, Utah, Neal B. Christensen, Orem, Utah, for Commonwealth Sav. Assn.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendant, Neal B. Christensen's, motion to dismiss. This court heard oral arguments on January 15, 1988. Stephen G. Crockett and Patricia W. Christensen represented Mr. Christensen. David B. Erickson, Earl M. Benjamin, and Steven J. Renshaw represented, Castleglen, Inc., the plaintiff. Prior to the hearing the court had read all

papers filed by the parties. After taking the motion under advisement the court has further considered this matter and now renders the following memorandum decision and order. This case involves a dispute over the sale and payment for property which Castleglen's predecessor in interest purchased from Santa Fe Apartments, Ltd. Mr. Christensen is involved in this matter because he is the trustee on the Deed of Trust involved in this litigation. At this time there is no allegations that Mr. Christensen is liable except in his capacity as trustee.

Mr. Christensen has asked this court to dismiss plaintiff's complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(1) [lack of subject matter jurisdiction], and 12(b)(6) [failure to state a claim upon which relief can be granted].

### Subject Matter Jurisdiction

Christensen contends that there is not a case or controversy presently before this court because he "is willing to be bound by any adjudication of this court in his capacity as trustee under said Deed of Trust, provided that the other parties interested with respect to said Deed of Trust agree to such an arrangement."

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 37, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976); *citing Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968).

Mr. Christensen is willing to enter into this stipulation so that he can avoid the expense involved in this litigation. It is apparent that the other parties to this litigation will adequately protect the interest which Mr. Christensen, as trustee, would be expected to protect. Thus, from the defendants' point of view Christensen need not remain in this action.

■ However, Christensen's stipulation is merely a contract. While courts have the power to enforce a stipulation between parties to a lawsuit (*see U.S. v. Northern Colorado Water Conservancy District*, 608 F.2d 422 (10th Cir.1979)), courts do not have authority to enforce a stipulation against a person who is not a party to a suit that the court has jurisdiction over.

Plaintiff, in bringing this action, is seeking an order which will bind Mr. Christensen. As trustee Mr. Christensen could take actions which would adversely affect the plaintiff. If this court were to dismiss Mr. Christensen plaintiff would have to bring another lawsuit should Mr. Christensen breach his promise or take an action adversely affecting plaintiff's interest in the property. Should plaintiff prevail plaintiff will be entitled to a judgment that this court will enforce. Mr. Christensen cannot offer plaintiff a contract which might require plaintiff to bring another action to enforce and then contend that there is no longer a dispute between the parties.

Plaintiff has offered to allow Mr. Christensen to stipulate to a contingent judgment. This contingent judgment will save Mr. Christensen the expense of further litigation and will merely require Mr. Christensen to do what he is willing to stipulate to do. The only difference between plaintiff's proposed contingent judgment and Mr. Christensen's proposed stipulation is that plaintiff, under the contingent judgment, can enforce the judgment without bringing another lawsuit. This court believes that defendant's offer will protect the interest of both parties.

While this court cannot order Mr. Christensen to accept plaintiff's proposed contingent judgment this court is of the opinion that Mr. Christensen's proposed stipulation does not end the controversy between the parties. Therefore, Mr. Christensen's motion to dismiss for lack of subject matter jurisdiction is denied.

### Failure to State a Claim

■ Plaintiff has filed this suit against Neal B. Christensen, *an individual*. Christensen contends that plaintiff has failed to state a claim against him in his

individual capacity and therefore the complaint against him as an individual should be dismissed.[1] Plaintiff alleges that Federal Rule of Civil Procedure 9(a) allows them to sue Neal Christensen without stating he is being sued as a trustee. Plaintiff's argument is correct to a point. Federal Rule of Civil Procedure 9(a) provides in pertinent part:

> It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity.

In *Colorado Springs Cablevision, Inc. v. W.A. Lively,* 579 F.Supp. 252 (D.Colo.1984) the court held that plaintiff did not have to specify whether plaintiff was suing Lively as a trustee or in his individual capacity so long as the nature of plaintiff's cause of action could be determined from the complaint. *Id.* at 255. However, in *Lively* the caption of the case read Colorado Springs Cable Vision, Inc., a corporation, plaintiff, vs. W.A. Lively, defendant. In this case Neal B. Christensen is listed in the complaint as Neal B. Christensen, *an individual.* While Rule 9(a) allows plaintiff to bring suit against Mr. Christensen as trustee by merely naming Neal Christensen in the complaint, the court believes that when plaintiff avers the capacity of a party that averment must be correct. Therefore, plaintiff cannot bring suit against Neal Christensen, as an individual, when the suit is directed against Neal Christensen as trustee.

■ Rather than going through the wasted effort of dismissing Neal B. Christensen, an individual, and having plaintiff file a new complaint against Neal B. Christensen, the court is striking the phrase "an individual" from the complaint. All further pleadings should refer to Neal B. Christensen.

### Conclusion

Therefore, Neal Christensen's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) is denied. All further pleadings should refer to Neal Christensen. The phrase "as an individu-

al" should be omitted. This memorandum decision will serve as the order of the court and counsel need not submit an order.

---

1. Both parties agree that this action is filed against Christensen solely in his role as trustee.